[No. 15223. Department Two. July 2, 1919.]

ANNE LIEBIG, *Appellant,* v. ARTHUR T. LIEBIG, *Respondent.*[1]

APPEAL (71) — DECISIONS REVIEWABLE — REDUCING ALIMONY. An order reducing alimony is an order affecting a substantial right and therefore appealable.

SAME (67)—DECISIONS REVIEWABLE—RECEIVERS. An order refusing to appoint a receiver is an order from which an appeal may be taken under the statute.

SAME (379, 380)—REVIEW—INTERLOCUTORY ORDERS—APPEAL FROM FINAL JUDGMENT OR SPECIFIC ORDER. Rem. Code, § 1716, providing that an appeal from a final judgment shall bring up for review any order made in the same action or proceeding, refers to interlocutory orders occurring in the trial of the case; and an appeal from an order quashing a writ of garnishment to enforce a judgment of alimony does not bring up for review prior orders made reducing the alimony or refusing to appoint a receiver in prior proceedings relating to the alimony and its enforcement.

GARNISHMENT (55)—QUASHING—FAILURE TO FILE BOND. A writ of garnishment is properly quashed where it was sued out to collect unpaid alimony, for which there was no judgment in any specific amount, and the plaintiff failed to give any bond, as required by Rem. Code, § 681, in case the garnishment was based on Id., § 680, subdiv. 2, authorizing a garnishment where plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid.

Appeal from orders of the superior court for King county, Smith, J., entered November 24 and June 1, 1917, and from an order entered February 8, 1918, quashing a writ of garnishment. Affirmed.

[1]Reported in 182 Pac. 605.

*Robert A. Devers* and *Edward Judd,* for appellant.
*F. J. Carver* and *M. M. Pixley,* for respondent.

MOUNT, J.—On December 20, 1910, a decree of divorce was granted to plaintiff. This decree awarded to "plaintiff, for her support and maintenance and until further ordered by the court herein, the sum of forty dollars ($40) per month, . . ." Thereafter, on April 26, 1917, defendant filed a petition for a modification of the original decree. Upon a hearing of that petition, the court, on June 1, 1917, entered an order reducing the alimony to five dollars per month "until further order of the court herein." Thereafter, on June 19, 1917, plaintiff filed a petition alleging, that there was due to her $2,490 by the terms of the original decree; that defendant had refused to pay this sum; and that he had fraudulently transferred property to the names of other persons. This petition prayed for the appointment of a trustee to take charge of such property, and that defendant be required to show cause why he should not be punished for contempt for failure to make the payments provided for in the original decree. Thereafter, on November 24, 1917, after issues were joined, a hearing was had and the court denied the application and refused to appoint a trustee, and refused to find defendant in contempt. On January 28, 1918, plaintiff filed an affidavit alleging that defendant was indebted to her in the sum of $2,400, and that the Issaquah State Bank was indebted to defendant and had under its control property belonging to defendant. A writ of garnishment was issued by the clerk upon this affidavit and was served upon the Issaquah State Bank, which made answer that it was indebted to defendant in the sum of $627.01. Thereupon defendant, on February 1, 1918, filed a petition to quash the writ of

garnishment, upon the ground that it was improperly and wrongfully issued and because there was no money judgment against defendant. This petition was sustained and the writ discharged. Thereupon, on February 8, 1918, plaintiff gave notice of appeal

"from the order and judgment entered in said action on the 24th day of November, 1917, refusing to set aside an order previously entered on the 1st day of June, 1917, and takes an appeal from another order entered on the 24th day of November, 1917, refusing to appoint a receiver, and takes an appeal from another order entered on the 8th day of February, 1918, quashing a writ of garnishment."

The order referred to in this notice as of the 1st day of June, 1917, was the order reducing the alimony from $40 to $5 per month. The order entered on the 24th day of November was an order refusing to vacate that judgment. The order reducing the alimony was an order which affected a substantial right and was, therefore, appealable. The order of the 24th day of November, 1917, was the order refusing to appoint a receiver. This was also an order from which an appeal might be taken under the statute. No appeals were taken from either of these orders within the time provided by law, and they, therefore, are not reviewable at this time.

The appellant contends that, because the statute, Rem. Code, § 1716, recites that an appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding, either before or after judgment, the appeal from the order quashing the writ of garnishment is sufficient for review of all final orders in the case. But that does not follow. It might as well be argued that the appeal from the order denying the writ of garnishment might, at this late day, be sufficient for a review of the orig-

inal decree in the year 1910. This court has never held that such orders are orders contemplated by the statute where it says that an appeal from any such final judgment shall bring up for review any order made in the same action or proceeding, either before or after the judgment. The orders therein referred to are interlocutory orders which occur in the trial of the case, and the language there does not refer to final appealable orders where no appeal has been taken therefrom. It will therefore be unnecessary to consider any of the questions presented upon this appeal relating to the final orders of November 24, 1917, and June 1, 1917.

We are satisfied there is no merit in the appeal from the order discharging the writ of garnishment. The statute, Rem. Code, § 680, provides that the clerks of the superior courts may issue writs of garnishment:

"(1) Where an original attachment has been issued in accordance with the statutes . . .;

"(2) Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, . . .;

"(3) Where the plaintiff has a judgment wholly or partially unsatisfied . . ."

In this case it is not claimed that appellant had a judgment for a specific amount at the time the writ was applied for. It is plain from the record that appellant was claiming that respondent was indebted to her for unpaid alimony; but there was no judgment for any specific amount, and there is not now, so far as the record shows. Rem. Code, § 681, provides that:

"In the case mentioned in subdivision two of the preceding section [§ 680] the plaintiff shall execute a bond with two or more good and sufficient sureties, to be approved by the clerk issuing the writ, payable to the defendant in the suit, in double the amount of the debt claimed therein, conditioned that he will prosecute his suit and pay all damages and costs that may

be adjudged against him for wrongfully suing out such garnishment."

If there was any ground for the issuance of a writ of garnishment it was under subdivision two of the statute above referred to. In that case it was necessary for a bond to be given. No bond was given, and the court, therefore, properly held that the writ was wrongfully issued.

We find no merit in the appeal, and the judgment is therefore affirmed.

HOLCOMB, C. J., FULLERTON, and PARKER, JJ., concur.