[No. 23674. Department One. August 19, 1932.]

E. C. VAN MOORHEM, *Appellant*, v. ROCHE HARBOR LIME & CEMENT COMPANY, *Respondent*.[1]

*Samuel R. Buck,* for appellant.
*Ivan L. Blair,* for respondent.

MITCHELL, J.—E. C. Van Moorhem commenced an action in the superior court against George W. Woolard and wife for a debt. During the pendency of the action, but prior to any judgment therein, the plaintiff, without executing or filing any bond with his application and affidavit, procured the issuance by the clerk of the superior court of a writ of garnishment against Roche Harbor Lime & Cement Company, a corporation. After the writ was served, it was quashed by order of the court upon motion of the garnishee defendant. The plaintiff has appealed from the order.

The remedy by garnishment is purely statutory. *Morris & Co. v. Canadian Bank of Commerce,* 95 Wash. 418, 163 Pac. 1139.

"Garnishment rests wholly upon judicial process and depends upon the due pursuit of the steps prescribed by law for its prosecution." *Penn. Ry. Co. v. Rogers,* 52 W. Va. 450, 44 S. E. 300, 62 L. R. A. 178.

"The statutes commonly make the execution and filing of a bond an essential to the institution of gar-

[1]Reported in 13 P. (2d) 496.

nishment proceedings, and a failure to file such a bond is fatal." 28 C. J. 215, § 277.

"A garnishee may move for quashal of the proceedings or his discharge for defects therein or other good cause, particularly if the proceedings are void for want of jurisdiction." 28 C. J. 354, 356, §§ 561, 566.

Under the statutes of this state, Rem. Comp. Stat., §§ 680, subd. 2, 681 and 683, a bond is required in cases of this kind as a necessity or requisite for the issuance of a writ of garnishment. *Liebig v. Liebig,* 107 Wash. 464, 182 Pac. 605.

Affirmed.

TOLMAN, C. J., HERMAN, PARKER, and STEINERT, JJ., concur.