## MATHESON v. HANNA-SCHOELLKOPF CO. et al.

(Circuit Court, E. D. Pennsylvania. May 27, 1903.)

No. 57.

1. CONTEMPT—PROCEEDINGS FOR ATTACHMENT—DELAY—EFFECT.

Where the facts on which a proceeding for an attachment for contempt are based were known to the petitioner for more than four years, the delay justifies the court in denying the application.

2. SAME.

Though regarding a contempt solely in its quasi criminal aspect, as an offense against the order of the court, the court, after more than four years' delay, should not inflict punishment therefor; especially where the circumstances do not call distinctly for the court's action.

In Equity.

A. v. Briesen and Jos. C. Fraley, for motion.

Hector T. Fenton, opposed.

J. B. McPHERSON, District Judge. The facts upon which this proceeding for contempt are based were known to the petitioner more than four years before this attachment was asked for, and, no sufficient excuse having been offered, I regard the delay as enough to justify me in refusing this motion. The injury done by the act complained of was peculiarly directed against the private right of the petitioner, and it was his duty to move promptly, instead of going on before the master, as if nothing important had happened. His neglect to take timely action leads me to believe that if the master had accepted the petitioner's view of the law, and had reported what the petitioner would have regarded as a favorable decree, this proceeding would probably not have been begun. Moreover, even if the alleged contempt should be regarded solely in its quasi criminal aspect, as an offense against an order of the court, the lapse of time is so great that a court should be reluctant to inflict a punishment from which, if the offense were indictable, the statute of limitations would be a complete protection. I do not say that the lapse of time is in all cases a sufficient reply to the charge of contempt, but certainly, after four years, the case should be clear, and the circumstances should call distinctly for the court's action.

The motion for an attachment is refused, at the costs of the petitioner.