[No. 10503.   Department Two.   December 14, 1912.]

SIDNEY HARRIS, *Appellant*, v. JANE C. HARRIS, *Respondent*.[1]

DIVORCE—ALIMONY—SUPPORT OF CHILD—JURISDICTION TO MODIFY DECREE—PARTIES OUTSIDE STATE. The court granting a divorce and awarding periodical alimony for the support of a child retains jurisdiction to increase the future allowances, as to both the persons and the subject-matter, although both parties have since left the state, on service of notice on the defendant and the attorneys of record, no original process being necessary.

Appeal from an order of the superior court for King county, Gilliam, J., entered April 3, 1912, for the support of a minor, in an action for divorce. Affirmed.

*Tucker & Hyland*, for appellant.

*Million & Houser* and *George Friend*, for respondent.

MORRIS, J.—Appeal from an order increasing an allowance to respondent for the support of the minor child of the

[1]Reported in 128 Pac. 673.

parties.   On May 31, 1910, a decree of divorce was entered
in this action, providing, among other things:

"And the plaintiff be, and he hereby is, ordered and di-
rected, until the further order of this court, to pay to the
defendant, on the first day of each and every month, the
sum of $16, for the support of the minor child Cecil."

No provision was made in the decree for the custody of
the minor child, for the reason, doubtless, that the child was
then and still is domiciled in the state of Illinois.   Since the
entry of this decree, both parties have become residents of
the state of California.   On March 20, 1912, respondent
filed a motion, asking for a modification of the decree by in-
creasing the allowance for the minor child.   This motion was
served personally upon appellant at his residence in Cali-
fornia, and upon the attorneys who had appeared for him
in the original action.   Appellant appeared specially in re-
sponse to this motion and challenged the jurisdiction of the
court as to subject-matter and person.   This challenge was
denied, and an order entered increasing the allowance for
the support of the child to $25 per month.   The assignments
of error submit the jurisdictional questions as raised below.

In our opinion the court below had ample jurisdiction as
to both person and subject-matter.   This question has been
so recently before us that we do not regard it as necessary
to enter upon a full discussion of the powers of the court
in divorce cases where periodical alimony is provided for the
support of minor children.   In *Poland v. Poland,* 63 Wash.
597, 116 Pac. 2, we said:

"The jurisdiction of the court in divorce cases, where ali-
mony is awarded for the support of children, is a continuing
one, and the jurisdiction of both the parties and the subject-
matter continues so long as there is a minor child whose
welfare and maintenance are provided for in the decree."

The same rule was announced in *Dyer v. Dyer,* 65 Wash.
535, 118 Pac. 634, where, in addition to following the *Poland*
case, it was added:   "These matters, from their very nature,

invoke the equitable powers of the court, and the jurisdiction is a continuing one." It need only be added that appellant's contention, that the courts of Washington acquired no jurisdiction over his person by the service of the motion upon him in the state of California, is not well taken. Inasmuch as the court, by virtue of its original jurisdiction and its continuing decree, retained jurisdiction over both person and subject-matter, no original process was necessary to regain a jurisdiction never lost. That such a jurisdiction is retained and is not defeated by the departure from the state, is well settled. *Laing v. Rigney,* 160 U. S. 531; *Lynde v. Lynde,* 162 N. Y. 405, 56 N. E. 979, 76 Am. St. 332, 48 L. R. A. 679; *De Vall v. De Vall,* 57 Ore. 128, 109 Pac. 755, 110 Pac. 705; *McSherry v. McSherry,* 113 Md. 395, 77 Atl. 653, 140 Am. St. 428; *Wells v. Wells,* 209 Mass. 282, 95 N. E. 845, 35 L. R. A. (N. S.) 561.

Many cases might be cited holding with appellant, where the decree had become final. But where, as here, the decree is not final, but continuing, the original jurisdiction continues, and the court has as much power to order subsequent modifications as it had to enter a decree in the first instance. The only final feature of judgments of this character is as to each installment of alimony as it becomes due. As to these installments, the rights and liabilities of the parties become absolute and fixed at the time provided in the decree for their payment, and to this extent the judgment is a final one.

The order appealed from is affirmed.

Mount, C. J., Main, Ellis, and Fullerton, JJ., concur.