NORABELLE PARKER, Appellant, v. CHARLES G. PARKER, Respondent.

First Department, December 5, 1919.

Husband and wife — divorce — alimony — stipulation that alimony may be increased or decreased — acquiescence of plaintiff in decrease of alimony — application for back alimony barred by laches and estoppel — obligation of defendant toward adult children and grandchildren — plaintiff after divorce, not entitled to counsel fees.

Where on the trial of an action for divorce it was agreed by stipulation that the alimony payable by the defendant should be fifty per cent of the defendant's income at the time, and it was further stipulated that the plaintiff could apply for an increase in alimony should the defendant's income increase, while he could apply for a reduction of alimony if his income should decrease, so that the amount payable would be fifty per cent of his income, and the plaintiff afterwards formally consented that the decree should be modified by reducing the alimony as the defendant's income had decreased and she also released the defendant from all alimony unpaid under the original decree, the plaintiff cannot, having acquiesced in the reduced payment for eighteen years, obtain an order for alimony which would have accrued under the original agreement, for she is estopped and also guilty of laches. Nor can she successfully claim that the reduction was obtained by duress and by fraud upon the court when she had

knowledge of all the facts when consenting to the modification of the decree.

But the plaintiff is entitled to move for an increase of alimony under subdivision 2 of section 1759 of the Code of Civil Procedure and also upon the original stipulation, although when the decree was formerly modified by reducing the amount of alimony the provision for a further application to the court was stricken out and although the defendant has since remarried.

However, as the amount of alimony originally payable covered the maintenance of minor children who have since become of age and have married, the plaintiff is not entitled to charge the defendant with sums for the maintenance of married children who have left their husbands and with their children have returned to live with the plaintiff. Any obligation of the defendant to support his adult children and grandchildren is moral, not legal.

*Held*, however, that in view of the present high cost of living the plaintiff's alimony should be increased.

As the decree of divorce dissolved the bonds of matrimony and the parties are no longer husband and wife, the court cannot allow counsel fees to the plaintiff on the motion for increased alimony.

APPEAL by the plaintiff, Norabelle Parker, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of July, 1919, denying her motion for an order directing the entry of a judgment in her favor for accrued alimony and for counsel fees on said motion, and also from an order of the said court entered in said clerk's office on the same day denying plaintiff's motion for an increase of alimony and for an allowance of counsel fees on said motion, and also from an order of said court entered in said clerk's office on the same day denying plaintiff's motion for an order vacating, setting aside and annulling an alleged decree of divorce dated April 23, 1901.

*Alexander A. Mayper* of counsel [*Mayper & Rappaport*, attorneys], for the appellant.

*Edwin M. Otterbourg* of counsel [*Charles A. Houston* with him on the brief; *Otterbourg, Steindler & Houston*, attorneys], for the respondent.

LAUGHLIN, J.:

The original judgment of divorce was entered on the report of a referee and the alimony therein awarded was $102.94

per week, which amount, it is recited, was fifty per cent of the defendant's income at that time. On the trial of the issues before the referee, the alimony was fixed at said sum by a formal stipulation in writing in which said sum was stated to be fifty per cent of the defendant's income; and the stipulation provided that should his income increase, he would be required to pay fifty per cent of the increased income and that a provision should be incorporated in the decree giving the plaintiff leave to apply at any time for an increase to fifty per cent of his income and that he should, in case his income decreased, be at liberty to apply for a reduction to fifty per cent thereof. The stipulation also provided that the defendant should pay the annual premium on a life insurance policy, but that is not involved here. The decree does not refer to the stipulation but it contains provisions in accordance therewith. It is not denied that the alimony, to the extent claimed, was not paid for the years 1900 and 1901, but it appears that the defendant obtained leave from the court on the 23d day of April, 1901, on the plaintiff's written consent and waiver of notice, to apply for a reduction of the alimony, and that on the same day, on the formal consent of the plaintiff in writing and duly acknowledged, and on the defendant's affidavit that his income was then only sixty per cent of what it was at the time of the trial and decision, the original decree was formally modified by reducing the alimony to $1,200 per annum and requiring the payment, in addition thereto, to the plaintiff, of $800 per annum for the care and support of the four children of the marriage during their minority and releasing the defendant from all unpaid alimony under the original decree. It appears that the plaintiff acquiesced in the modified decree and made no claim to this back alimony until now. She claims that the modified decree should be disregarded on the ground that her consent thereto was obtained by duress in that the defendant had departed from the State to avoid service of process for contempt for failure to pay alimony under the original decree and threatened to go to England and not to return to this State unless she consented to such modification. It is contended in her behalf that the modification was a fraud on the court. It does not appear that defendant's

income at that time was greater than he claimed it to be, and, if not, he was in a position to ask for a modification of the decree. The attention of the court was not drawn to the fact that there was a claim of coercion, although the facts upon which that claim is predicated were as fully known to plaintiff and her attorney then as now. There was, therefore, no imposition on the court and whether if the plaintiff had presented the facts, which she knew then as well as now, to the court, the modification would have been granted, is problematical. It might well have been granted even in that event on the theory that the defendant was unable to comply with the original decree and that it neither would have been fair to him nor to the interest of the plaintiff and her children to have him incarcerated, which it appears would have stopped his income. The motion also involved alleged arrears in alimony under the modified decree during the three years following November, 1909, alleged to aggregate $1,320. This is on the theory, as claimed by plaintiff, that during those three years she only received $30 per week, whereas she should have received $38.46 per week, but the defendant satisfactorily shows by a schedule of checks used in paying the alimony that he paid her about $35 per week during said time and that those payments were made pursuant to her written consent to a reduction of alimony on the theory that his income had been reduced and that she receipted in full for the alimony. She made no complaint about the alleged arrears until now. She should, in the circumstances, be deemed estopped at this late day from claiming that the payments of alimony made by the defendant were not all of the alimony she was entitled to receive under the judgment, or the judgment as modified, for had she at the time pressed the claim she now makes the defendant might have obtained further modifications of those judgments.

The plaintiff's motion to have the modified decree vacated on the ground of fraud on the court, duress on her and lack of consideration is without merit. The material facts with respect thereto have been sufficiently stated. She withheld from the court the facts upon which she predicates the fraud and has acquiesced for about eighteen years in the modification which she induced the court to make and, therefore,

her motion was properly denied on the grounds of estoppel and laches.

The other motion was made under section 1759, subdivision 2, of the Code of Civil Procedure and on the stipulation made on the trial of the divorce action. The modified decree struck out the provision for a further application to the court but I think that is no answer to the motion. The stipulation made on the trial still stands and, notwithstanding the modification of the decree and notwithstanding the fact that the defendant has since remarried, the plaintiff is entitled on the stipulation to apply under the Code of Civil Procedure (§ 1759, subd. 2), which so provided when the decree was entered, for an increase of the alimony. Nearly four years ago the youngest child became of age and thereafter, under the modified decree, the plaintiff was only entitled to $1,200 per annum, but the defendant continued to pay the $2,000 and says he intends so to do in the future. It appears that all of the children married and two of them are self-supporting but two of the daughters have separated from their husbands and are living with their mother with their children. One has a child eight years old and the other has a child three years of age and the plaintiff claims that the additional $800 has been used for the support of the daughters and the grandchildren and doubtless that is the theory on which the defendant continued to pay it. However, it appears by the defendant's affidavit that his net income is about $7,000 per annum and that his present wife has an income from stock which he gave her of $2,000 per annum. The plaintiff shows that she is now fifty-one years of age, not in good health and not able to do her own work as heretofore since separating from her husband and that she cannot well get along on the $2,000 allowance.

We cannot increase the alimony to the plaintiff on the theory of any additional burden, owing to the fact that the children and grandchildren are living with her. It must be left to the defendant to discharge any moral obligation resting upon him toward his adult children and his grandchildren in such manner as to him may seem fit. But it will be observed that unless her alimony is increased the defendant will be obliged to pay her only $1,200 per annum since the

children are all of age. We are of opinion that, for the present, at least, even $2,000 is inadequate for the proper support and maintenance of the plaintiff. We think she should have $55 per week while the present high cost of living continues.

We cannot allow counsel fees on any of the motions for the decree of divorce has dissolved the bonds of matrimony and the parties are no longer husband and wife. (*Lake* v. *Lake*, 194 N. Y. 179; *Farnham* v. *Farnham*, 227 id. 155.)

It follows that the order denying the motion for an increase of alimony should be reversed, with ten dollars costs and disbursements, and motion granted increasing alimony to fifty-five dollars per week from the return day of the motion, with ten dollars costs, and other orders affirmed, without costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Order denying motion for an increase of alimony reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, so far as to increase alimony to fifty-five dollars per week from May 19, 1919. Other orders affirmed, without costs.