LENA SAX, Plaintiff, *v.* LOUIS SAX, Defendant.

Supreme Court, Bronx County, November 2, 1927.

**Husband and wife — separation — motion to punish defendant for contempt for failure to pay alimony pendente lite pursuant to order made five years before — though order granted custody of child to plaintiff, defendant has cared for infant — defendant not in contempt under decree — application denied.**

Defendant will not be punished for contempt for failure to pay alimony *pendente lite* granted in a separation action five years before this application, where it appears that while the order gave the custody of the infant child to the plaintiff, she left the child with the defendant who has cared for the child since the order was granted.

MOTION to punish defendant for contempt of court for failure to pay alimony *pendente lite*.

*Charles L. Hoffman, Henry A. Friedman* and *Marton M. Mandel,* for the plaintiff.

*Paul Kahan,* for the defendant.

GIBBS, J. Plaintiff moves for an order adjudging defendant guilty of contempt for failure to pay alimony *pendente lite* in pursuance to an order of this court made the 7th day of June, 1922, which provided, among other things, that defendant should pay the plaintiff the sum of $10 per week for the maintenance and support of the plaintiff and her infant child. The order also awarded the custody of the child to the plaintiff. It is alleged that arrears to the amount of $2,640 have accrued.

An examination of the papers submitted discloses that an action for separation was instituted by the plaintiff against the defendant but a few weeks after the birth of the issue of the marriage; that plaintiff left the home of defendant and that she did not take the child with her, but permitted it to remain with defendant since its birth. Defendant has raised, cared and provided for the infant. At no time (except within the past few months) did plaintiff seek to gain custody of her child, although the order of June, 1922, awarded the care of the infant to plaintiff. She has failed to institute any proceeding to compel compliance with this order for more than five years. Neither has she moved the action for trial. In short, she has slept upon her rights and failed to comply with that part of the order which granted the custody of her infant child to her. The contention that defendant could have noticed the case for trial or moved to vacate or modify the order, is without merit. Plaintiff is the complaining party and sought the favor of the court when she made application for alimony and counsel fee. The duty to speedily have her complaint heard and the cause adjudicated rested with her, not with the defendant. The order providing for alimony was, it is safe to assume, made upon the plea that she wanted her child and would care for it. But she failed to avail herself of that right, permitted defendant to keep the infant, care for and nourish it. It is true that the order is still in existence and no application has been made to modify or vacate it, but the policy of the law is that a party should not be punished for a violation of an order unless it is clearly shown that there has been a willful contempt on his part. I am convinced that such is not the case in the present proceeding. Defendant has not made payment presumably because plaintiff failed to take the custody of the child and willingly permitted defendant to keep and provide for her. The Appellate Division, in the case of _Burdick_ v. _Burdick_ (183 App. Div. 488), aptly expresses the attitude of the courts in contempt proceedings. Mr. Justice WOODWARD, writing for the court, said: " The plaintiff remained passive for two years, and when she attempted to force the collection by a proceeding to punish for a contempt the defendant properly showed to the court reasons why such a proceeding was improper, and invoked the power of the court to relieve him from the obligation, upon which alone the contempt could arise. It is true, of course, that the defendant was in default under the decree, but he was not in contempt until adjudged to be, and the court has held that the decree imposing the burden was not a proper one under the circumstances." In the proceeding at bar defendant has presented facts from which I conclude that he has not willfully violated the order of this court.

Motion to punish for contempt of court denied. Submit order.