SMITH v. SMITH.

DIVORCE—ALIMONY—CONTEMPT—LACHES.

Where a wife waited for more than 20 years before filing a petition to enforce an order for the payment of alimony by contempt proceedings, her petition was properly denied; under the circumstances she not being entitled to the equitable favor of the court.

Appeal from Tuscola; Williams (William B.), J. Submitted January 9, 1929. (Docket No. 15, Calendar No. 32,087.) Decided March 28, 1929.

Contempt proceedings by Carrie G. Smith (now Reichert) against Ray Adelbert Smith for nonpayment of alimony. From a decree dismissing the petition, plaintiff appeals. Affirmed.

*Stanley R. Ostler,* for plaintiff.

NORTH, C. J. A decree of divorce was granted to plaintiff February 20, 1901. It contained a pro-

vision requiring the defendant to pay the plaintiff $200 within one year thereafter. Payment has not been made, and plaintiff now seeks to enforce it by contempt proceedings. Her petition was filed on the 18th day of November, 1922, and heard in February, 1925. The relief sought was denied by the trial judge on the ground that the plaintiff was "not entitled by reason of the great lapse of time to the equitable favor of the court." The plaintiff has appealed.

Over 20 years elapsed between the time payment was due under the decree and the date of filing this petition. While the proofs disclose that the defendant was absent from this State during a large portion of this period, it appears that he resided within the State for eight and a half years. From 1909 to 1913 he was living in Detroit. Within this period and on October 8, 1910, these parties entered into a written agreement whereby the defendant obligated himself to pay the $200 in four equal semi-annual payments, the first to be due in six months. None of these payments were made. From 1914 to 1917 the defendant was a resident of Michigan. More than two years elapsed after this proceeding was instituted before it was brought to a hearing by the plaintiff, but during a portion of that time the defendant was in France. While courts should render every reasonable assistance in enforcing their decretal orders affecting property rights, they are not bound to aid litigants who are not reasonably diligent in the enforcement of such rights. This plaintiff consulted several attorneys in the intervening years and on several occasions when the defendant was residing outside the State of Michigan he was approached in regard to making payments; but during all the time that he resided in Michigan, plaintiff

made no application to the court to enforce her decree. In the meantime both parties have remarried. The welfare of dependent children is not involved. This court has held that gross laches is a defense in a proceeding instituted to enforce the payment of temporary alimony. *Stone* v. *Stone,* 162 Mich. 319. In the above case the following is quoted:

"The proceeding is consequently subject to the proposition that the public peace and good order are concerned in withholding the assistance of equity from those who grossly neglect to take care of their own rights. *Zoellner* v. *Zoellner,* 46 Mich. 511."

The holding of the trial judge was correct and is affirmed. The defendant has not filed a brief or otherwise taken part in this appeal, and no costs will be awarded.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.