[No. 22670. Department Two. November 5, 1930.]

ABIGAIL BOUDWIN, *Appellant*, v. CHARLES B. BOUDWIN, *Respondent*.[1]

*Riddell, Brackett & Fowler,* for appellant.
*Arthur C. Bannon,* for respondent.

BEALS, J.—The parties to this proceeding were, for some years prior to 1919, husband and wife. May 9, 1919, by decree of the superior court for King county entered in this action, the parties were divorced. The care and custody of their three minor children was awarded to plaintiff, Abigail Boudwin, the decree further providing:

". . . that the plaintiff, Abigail Boudwin, be, and she is hereby awarded a judgment against the defendant, Charles B. Boudwin, in the sum of one hundred and fifty dollars ($150) per month until the further

[1]Reported in 292 Pac. 1017.

order of the court, payable on the 10th day of each and every month, beginning on the 10th day of June, 1919, fifty dollars ($50) of which is to be paid for the support of the plaintiff, and one hundred dollars ($100) of which is for the support, use and benefit of the said children, all of which is to be paid to the said plaintiff.''

It appears from the record that, February 1, 1930, plaintiff's attorney filed in the office of the clerk of the superior court his affidavit stating:

''. . . that the plaintiff has a judgment against the defendant in the approximate sum of $14,000, together with interest thereon; that the same is just, due and unpaid; that plaintiff has reason to believe and does believe that Mrs. Bernice Boudwin is indebted to said defendant and has in her possession and under her control personal property and other effects belonging to the said defendant.''

which affidavit was filed for the purpose of procuring a writ of garnishment directed to Mrs. Bernice Boudwin. The writ was issued and served upon the garnishee therein named, whereupon Bernice Boudwin answered stating that she had in her possession some certificates of corporate stock belonging to the defendant, Charles B. Boudwin. After the filing of this answer, the defendant, Charles B. Boudwin, moved to quash the writ of garnishment for the reason that the plaintiff had no money judgment nor other demand upon which a writ of garnishment could be founded, and that the writ had been improperly issued. After argument upon this motion, the trial court entered its order quashing the writ of garnishment, from which order plaintiff appeals to this court.

The question is whether or not a decree entered in a divorce action, providing for the payment of alimony in monthly installments, appearing upon the records of the court to be wholly or partially un-

satisfied, and including installments which have accrued less than six years prior to the suing out of the writ, constitutes such a judgment as will support a writ of garnishment.

The following sections of the statute are pertinent to the question here presented:

By Rem. Comp. Stat., § 404, it is provided that:

"A judgment is the final determination of the rights of the parties in the action."

By § 680, Rem. Comp. Stat., it is provided that writs of garnishment may be issued by the clerks of the respective superior courts . . .

"(2) Where the plaintiff sues for a debt and makes affidavit that such a debt is just, due and unpaid, and that the garnishment applied for is not sued out to injure either the defendant or the garnishee;

"(3) Where the plaintiff has a judgment wholly or partially unsatisfied in the court from which he seeks to have a writ of garnishment issued."

Section 681 provides for the execution by plaintiff of a bond in the case mentioned in paragraph 2, *supra;* and § 682 provides that, before the issuance of the writ,

". . . the plaintiff or someone in his behalf shall make application therefor by affidavit, stating the facts authorizing the issuance of the writ . . ."

Chapter 25, Session Laws of 1929, p. 21, "An Act relating to the execution and enforcement of judgments," provides:

"Section 1. When any judgment of a court of record of this state requires the payment of money, or the delivery of real or personal property, the same may be enforced in those respects by execution, as provided in this act. . . .

"Sec. 2. The party in whose favor a judgment of a court of record of this state has been, or may hereafter be, rendered, or his assignee, may have an ex-

ecution issued for the collection or enforcement of the same, at any time within six years from the rendition thereof. . . .

"Sec. 6. All property, real and personal, of the judgment debtor, not exempted by law, shall be liable to execution."

Respondent relies upon the opinion of this court in the case of *Liebig v. Liebig,* 107 Wash. 464, 182 Pac. 605. In this case it appeared that the plaintiff, Anne Liebig, was, during the year 1910, awarded a decree of divorce from the defendant, Arthur T. Liebig, the decree including an award to plaintiff in the sum of $40 per month by way of alimony for her support and maintenance. Seven years later the alimony was reduced to $5 per month. January 28, 1918, plaintiff filed an affidavit alleging "that defendant was indebted to her in the sum of $2,400," and that a person therein named was indebted to the defendant. Based upon this affidavit, a writ of garnishment was issued, to which the garnishee responded, disclosing an indebtedness to the defendant.

A petition by the defendant to quash the writ of garnishment upon the ground that the same was improperly and wrongfully issued, and because there was no money judgment against defendant, was sustained and the writ quashed. On appeal the order of the superior court was affirmed. It appears from the opinion that plaintiff based her demand for a writ of garnishment upon an affidavit in which it was alleged that the defendant was indebted to her, she apparently endeavoring to bring herself within the provisions of subparagraph 2, of § 680, Rem. Comp. Stat., *supra.* As plaintiff did not file any bond in support of her application for a writ, as provided for by § 681, *supra,* it is evident that the writ was wrongfully issued and was obnoxious to a motion to quash. In the course of its opinion, this court says:

"In this case it is not claimed that appellant had a judgment for a specific amount at the time the writ was applied for. It is plain from the record that appellant was claiming that respondent was indebted to her for unpaid alimony; but there was no judgment for any specific amount, and there is not now, so far as the record shows."

It is apparent that the plaintiff in the case last cited based her right to a writ of garnishment upon her affidavit alleging an indebtedness, and not upon the fact that she had a judgment against the defendant. Upon the record before the court, the case was rightly decided, but a different question is presented by the record in the case at bar.

Judgments for alimony rendered in gross amounts have been referred to by this court on several occasions as ordinary judgments for the payment of money. *Philbrick v. Andrews*, 8 Wash. 7, 35 Pac. 358; *State ex rel. Ditmar v. Ditmar*, 19 Wash. 324, 53 Pac. 350; *Holcomb v. Holcomb*, 49 Wash. 498, 95 Pac. 1091; *Seattle Brewing & Malting Co. v. Talley*, 59 Wash. 168, 109 Pac. 600; *State ex rel. Surry v. Superior Court*, 74 Wash. 689, 134 Pac. 178; and *Yoder v. Yoder*, 105 Wash. 491, 178 Pac. 474, 3 A. L. R. 1104.

In the case of *Harris v. Harris*, 71 Wash. 307, 128 Pac. 673, after holding that the jurisdiction of the superior court, once having been invoked in a case involving the custody and welfare of a minor child, was a continuing jurisdiction, this court said:

"Many cases might be cited holding with appellant, where the decree had become final. But where, as here, the decree is not final, but continuing, the original jurisdiction continues, and the court has as much power to order subsequent modifications as it had to enter a decree in the first instance. The only final feature of judgments of this character is as to each installment of alimony as it becomes due. As to these installments, the rights and liabilities of the parties

become absolute and fixed at the time provided in the decree for their payment, and to this extent the judgment is a final one."

The doctrine that installments of alimony as they fall due under a decree providing for the monthly payment of alimony are final has been reaffirmed in other decisions of this court. The decision in the case of *Beers v. Beers*, 74 Wash. 458, 133 Pac. 605, affirmed in certain particulars a judgment of the superior court modifying a decree of divorce previously rendered, but held that as to installments of alimony past due and unpaid no power to change or alter the same existed, and that the trial court had erred in attempting to discharge the defendant from liability as to payments of alimony already accrued. In the course of its opinion, this court said:

"On the question of the power of the court to modify the decree as to those installments of alimony past due and unpaid, the law appears to be that such power does not exist. The rights and liabilities of the parties with reference to such installments become absolute and fixed at the time provided in the decree for their payment, and as to such the decree is not subject to modification."

In the case of *Kinne v. Kinne*, 137 Wash. 284, 242 Pac. 388, the two decisions last above referred to were cited and relied upon in holding that, while the trial court had jurisdiction to modify its decree and cancel that portion thereof which directed the payment of alimony, such modification could be prospective only, and that the court was without power to make any order which would affect the installments of alimony which had then accrued.

In the late case of *State ex rel. Taylor v. Superior Court*, 151 Wash. 568, 276 Pac. 866, being an original application in this court for a writ of mandate, it was held that an order of the superior court directing the

payment of suit money *pendente lite* in a specific amount is a final order and "as much a final judgment as could be contemplated under our statute." It was held that such an order afforded the party in whose favor it was made the choice of either of two remedies, to wit, attachment against the person, or execution against property. Referring to the order, the court says:

"While it is true that an execution may not issue unless there is a judgment or decree as a basis for it (23 C. J. 314), there is in this case what we have held is such judgment."

While the precise question here urged was not presented in any of the cases cited, we are clearly of the opinion that, under those authorities, it must be held that a judgment for alimony payable in installments is, in so far as accrued installments are concerned, such a judgment as affords a legal basis for the issuance of a writ of garnishment. This conclusion is supported by the opinion of the supreme court of the United States in the case of *Sistare v. Sistare*, 218 U. S. 1, in which the former decisions of that court are reviewed and the rule laid down that where a decree is rendered for alimony, payable in future installments, the right to such installments becomes absolute and vested as the same fall due.

Granting, for the purposes of this case, as argued by counsel for respondent, that the writ of garnishment is purely a statutory proceeding, and that such writ can issue only in cases provided for by law and when the procedure outlined by the statute has been followed, we are satisfied that the situation here presented falls well within the terms of the statute, and that the procedure followed by appellant is under the law available to her.

Counsel for respondent argues that it may be that

in fact certain of the accrued installments have been paid, and that therefore the execution docket may not show the true situation as to the amount due. This is true of any judgment as payments may be and often are made on account of judgments, which payments are not immediately credited upon the execution docket. In such cases the judgment debtor has his remedy and may, provided he timely asserts his rights in an appropriate manner, obtain an order protecting himself as to any credits which should be entered in his favor against the judgment as shown on the execution docket.

Counsel for respondent relies upon the opinion of this court in *In re Cave,* 26 Wash. 213, 66 Pac. 425, 90 Am. St. 736, in which, upon an original application filed in this court for a writ of habeas corpus, it was held that the superior court could lawfully enforce its order for the payment of alimony by attachment of the person of a contumacious husband and his commitment to jail until he should comply with the order. As to the contention that such confinement amounted to imprisonment for debt in violation of the state constitution, it was held that a decree providing for the payment of alimony in a divorce proceeding is not a debt within the meaning of that term, as used in art. I, § 17, of our constitution. Counsel for respondent argues that, because, in the course of its opinion in the case last cited, it was said:

"In this state no rule is provided by statute for the enforcement of such decrees, but the rule of attachment has been generally followed in the practice and approved by this court."

it must be held that the court intended to hold that enforcement by attachment was exclusive, and that such a decree is not enforceable by process in aid of execution such as a writ of garnishment. We cannot

follow counsel for respondent in this argument. The language used by the court must be considered in connection with the question which was being decided, and the opinion cited is not an authority which supports the contention of respondent in the case at bar.

It is suggested in the brief of counsel for respondent that third parties or respondent himself may have some rights in or to the property sought to be subjected to appellant's judgment, superior to any rights which appellant may gain thereto by a writ of garnishment. In this connection it is sufficient to say that if such rights do exist the law affords appropriate means whereby such rights may be protected and established. No such question is, however, presented by the record now before us.

We conclude that such a decree as was entered in favor of this appellant constitutes, in so far as accrued installments of alimony due thereunder are concerned, a final judgment which may be enforced either by attachment of the person or by the ordinary means provided for collection of judgments, and that the trial court erred in entering the order appealed from quashing the writ of garnishment sued out by appellant.

The order appealed from is reversed, with instructions to proceed in accordance with this opinion.

MITCHELL, C. J., FULLERTON, PARKER, and MILLARD, JJ., concur.