[No. 29882. Department One. September 19, 1946.]

Marie K. Schumacher, *Appellant,* v. A. B. Schumacher, *Respondent.*[1]

*Newton C. McCoy,* for appellant.

*Roswell J. Quinn,* for respondent.

Millard, J.—Plaintiff, who married defendant October 16, 1923, instituted an action in Pierce county superior

[1] Reported in 172 P. (2d) 841.

court in March, 1936, for divorce from defendant. Trial of that action resulted in entry of final decree November 10, 1936, confirming interlocutory order entered March 24, 1936, which awarded a divorce by default to plaintiff, who was also awarded custody of the minor child of the parties. The decree required the father to pay to the mother "the sum of $30.00 per month as and for the care and support of the minor child of the parties."

Defendant was delinquent several times in payments for support of the child. An order was entered May 4, 1937, in hearing on order to show cause, which absolved defendant of charge of contempt and required him to resume payment of thirty dollars monthly to plaintiff as soon as labor conditions became normal, for the maintenance of the child, and pay a reasonable sum each month upon the amount (one hundred ten dollars) remaining unpaid, pursuant to former order of the court.

An order entered August 31, 1937, required defendant to pay thirty dollars monthly to the then attorney of plaintiff until she completed her nursing course. At that time, the court found defendant had not complied with former order of the court to pay thirty dollars monthly, but that for past several months he had paid twenty dollars monthly to plaintiff. As a result of defendant's continued delinquency in making payments for support of the minor child, the court entered an order November 16, 1938, finding defendant guilty of contempt and requiring him to pay on or before December 1, 1938, to the clerk of the superior court for the benefit of plaintiff the sum of ten dollars, and the further sum of twenty dollars before January 1, 1939, and thereafter pay to the clerk of the court fifteen dollars on the first and fifteenth of each and every month, beginning January 1, 1939, until the further order of the court. By the court's order, the clerk of the court was authorized and directed to deliver the payments so received to plaintiff or to her then attorney.

Hearing on defendant's petition therefor, filed February 2, 1939, resulted in entry February 10, 1939, of an order which modified and amended the interlocutory order en-

tered March 24, 1936, "in such manner that same shall provide that the defendant shall pay to the clerk of this court for the maintenance of said child," ten dollars on the first and fifteenth days of each calendar month thereafter until the minor child of the parties attained the age of six years and entered school; and thereafter pay to the clerk of the court $12.50 on the first and fifteenth days of each and every calendar month until the child "has finished high school or ceases to go to school, or until the further order of the court."

On the alleged ground of delinquency in support payments, plaintiff obtained August 24, 1945, a temporary restraining order and show cause order which restrained defendant from disposing of his property and required him to show cause why he should not immediately pay eight hundred thirty dollars to plaintiff or be adjudged in contempt of court. The defenses interposed were payment to date of all judgments, aggregating $1,740, awarded plaintiff under the order entered February 10, 1939, and that the amounts due to plaintiff prior to entry of the modifying order of February 10, 1939, were barred by the statute of limitations. The trial court held that payments had been made in full by defendant as required by the order entered February 10, 1939, "that the defendant is not in contempt of court," and that the judgments due to plaintiff prior to entry of order February 10, 1939, were barred by the statute of limitations. An order was entered November 5, 1945, setting aside the restraining order and dismissing the order to show cause. Plaintiff appealed.

Since entry of the order February 10, 1939, to date, respondent has paid, on the dates designated, the specified amounts to the clerk of the superior court for Pierce county as required by the order. Even so, contends appellant, those payments should have been applied only on the judgment itself as a whole and to the oldest payments then delinquent under the order entered March 24, 1936.

■ Each payment respondent was ordered to make under the 1936 interlocutory order and final decree of divorce for the support of his minor child constituted, as it

became due, a judgment. *Boudwin v. Boudwin,* 159 Wash. 262, 292 Pac. 1017; *St. Germain v. St. Germain,* 22 Wn. (2d) 744, 157 P. (2d) 981; *Herzog v. Herzog,* 23 Wn. (2d) 382, 161 P. (2d) 142. As each separate installment awarded by a divorce decree for support of a minor child of the parties constitutes a judgment as it becomes due, there can be no basis for a proceeding to enforce its collection if such proceeding is commenced six years after the installment is due. *Boudwin v. Boudwin, supra; Herzog v. Herzog, supra;* Rem. Rev. Stat., § 459 [P.P.C. § 68-13].

The show cause order obtained by appellant August 24, 1945, was more than six years subsequent to any judgment which could accrue under the 1936 order or any modification of that order until the order entered February 10, 1939.

█ We concur in the view of the trial court as to the unsoundness of argument that in this proceeding, more than six years after entry of the 1939 order, appellant may collect the support money due at that time. It is not a tenable claim that the payments made in strict compliance with the order entered February 10, 1939, should be applied to anything other than the continued support of the minor child of the parties from date of entry of that order.

Respondent complied in every respect with the order of 1939, which modified the original decree as to the amount of future payments and as to place of payment. The 1939 order required payment to the clerk of the court. In receiving the payments, the clerk was bound by the order to credit them to the payments provided by the order.

The judgment is affirmed.

BEALS, C. J., SIMPSON, and MALLERY, JJ., concur.

STEINERT, J. (concurring in the result)—I agree with the result reached by the majority in this case, but have arrived at my conclusion for reasons different from those expressed in the majority opinion.

The order of February 10, 1939, modifying the decree and fixing the amount of the monthly payments at twenty dollars, made no provision that such payments should in any part be applied to delinquent installments. In the

light of the circumstances of this case, I think both respondent and appellant would be fully justified in assuming that the payments provided for were directed to current support for their daughter. *Cf. Phillips v. Phillips,* 165 Wash. 616, 6 P. (2d) 61. If appellant intended to enforce payment of these past delinquencies, it was incumbent upon her to assert her rights in that respect within a reasonable time, or else be deemed guilty of laches.

It will be observed that this case arose on an order to show cause why respondent should not be adjudged in contempt of court. This is, of course, an equitable proceeding, subject to equitable defenses and invoking the discretion of the court. The test to be applied in such cases is whether there was a wilful and intentional failure to comply with the court's order. *Stuart v. Stuart,* 130 Wash. 68, 226 Pac. 133.

Where the injured wife has long acquiesced in some new, although less favorable, arrangement for alimony or child support, the courts have not been disposed to enforce old delinquencies against the former husband. *Wolfe v. Wolfe,* 303 Ill. App. 188, 24 N. E. (2d) 871; *Risko v. Risko,* 136 N. J. Eq. 93, 40 A. (2d) 545; *Thompson v. Thompson,* 197 App. Div. 288, 188 N. Y. Supp. 785; *Parker v. Parker,* 189 App. Div. 603, 179 N. Y. Supp. 51. As was said in *McKee v. McKee,* 154 Kan. 340, 118 P. (2d) 544, 137 A. L. R. 880:

"Payment of the lump sum now demanded is quite a different thing from payment of $10 a month. Furthermore, in the light of all the circumstances, it is obvious that appellant's situation as it relates to possible modification of the order has been altered to his detriment by appellee's acquiescence and long silence. The doctrine of laches being equitable in character, all facts and surrounding circumstances are to be considered in determining its applicability. We think it would be clearly inequitable, under the instant facts, to permit any recovery by appellee."

The view of the English ecclesiastical courts was that arrears beyond one year would not be enforced without sufficient cause being shown for the delay. *De Blaquiere v. De Blaquiere,* 3 Hagg. Eccl. Rep. 322, 162 Eng. Reprint 1173. The sentiment against equitable enforcement of old

arrearages of alimony or support money is carried into numerous American cases. *Montgomery v. Offutt,* 136 Ky. 157, 123 S. W. 676; *Franck v. Franck,* 107 Ky. 362, 54 S. W. 195; *Hollis v. Bryan,* 166 Miss. 874, 143 So. 687; *Commonwealth ex rel. Morse v. Glasgow,* 132 Pa. Super. Ct. 226, 200 Atl. 686; *Wright v. Wright,* 6 Tex. 29; *Ashby v. Ashby,* 174 Wis. 549, 183 N. W. 965.

Hence, it seems to me that the trial court properly refused to cite respondent for contempt, but that the decision should be based upon laches, and not upon the statute of limitations. Concededly, the statute would apply if this action were brought as on a judgment. The import of *Boudwin v. Boudwin,* 159 Wash. 262, 292 Pac. 1017, *St. Germain v. St. Germain,* 22 Wn. (2d) 744, 157 P. (2d) 981, *Herzog v. Herzog,* 23 Wn. (2d) 382, 161 P. (2d) 142, and the early case of *Harris v. Harris,* 71 Wash. 307, 128 Pac. 673, is that accrued installments *may* be treated as final judgments, affording a basis for the issuance of a writ of garnishment or execution thereon. To this extent the equitable remedy is supplemented. But this does not alter the fact that the obligation to pay such installments is created by an order of court, nor should it deprive the court of its power to enforce payment thereof by the usual coercive remedy of citation for contempt for refusal to obey the order. If that be not true, and if such installments are to be regarded solely as judgments as they accrue, then in no case could there be a proceeding in contempt, not even for failure to pay the very first installment of alimony or support money awarded in an interlocutory order or final decree of divorce. This would be so for the reason that the remedy for collection of a judgment is not by contempt proceedings, but only by execution. See *Erickson v. Erickson,* 8 Wn. (2d) 255, 111 P. (2d) 757, 136 A. L. R. 685.

The *Boudwin* case, *supra,* which was the first of our cases bearing directly upon the question involved in this case, held that:

"A judgment for alimony payable in installments is, in so far as accrued installments are concerned, such a

judgment as affords a legal basis for the issuance of a writ of garnishment."

That was the particular and only relief sought by the plaintiff wife in that case. However, the court did not hold that such proceeding was the exclusive remedy for the enforcement of payment of past due installments. To the contrary, it held that the remedy was in the alternative, for in the next to the last paragraph of the opinion it is said:

"We conclude that such a decree as was entered in favor of this appellant constitutes, in so far as accrued installments of alimony due thereunder are concerned, a final judgment which may be enforced *either by attachment of the person or by the ordinary means provided for collection of judgments,* and that the trial court erred in entering the order appealed from quashing the writ of garnishment sued out by appellant."   (Italics mine.)

The *St. Germain* case, *supra,* was likewise one wherein the plaintiff wife endeavored to collect unpaid installments of support money through writs of execution and garnishment, and therefore the six-year statute of limitations was applicable. The language of the opinion (p. 758) went further than was necessary, when it declared, with reference to installments for the support and maintenance of children:

"Six years after they became due, they *ceased to have any force or effect* and would afford no basis for the issuance of a writ of garnishment or general execution, or *any other proceedings to enforce their collection."*

I have italicized that portion of the language which I think was unnecessary to the decision of that case, in view of the holding of the *Boudwin* case, *supra.*

In the *Herzog* case, *supra,* suit was brought by the divorced wife upon a contract made with her former husband, whereby the latter agreed to pay, in installments, the arrears of support money then amounting to one thousand dollars. Upon the authority of the *St. Germain* case, *supra,* it was held that the action was barred, regardless of whether the several monthly installments be deemed as accruing by virtue of the original decree of divorce or by virtue of the contract on which suit was brought. In view of the relief

therein sought, it was unnecessary to approve the dictum italicized in the foregoing quotation from the *St. Germain* case.

To maintain the traditional remedy of contempt, free from the limitation proposed, does not violate the judicial concept of justice. The equitable defense of laches or estoppel may arise where no statute of limitations would defeat the action. *Bartow v. Bartow,* 12 Wn. (2d) 408, 121 P. (2d) 962; *Feek v. Feek,* 187 Wash. 573, 60 P. (2d) 686; *Matheson v. Hanna-Schoellkopf Co.* (C. C. Pa.), 122 Fed. 836; *Hamilton v. Hamilton,* 104 Colo. 615, 94 P. (2d) 127; *Price v. Price,* 80 Colo. 158, 249 Pac. 648; *Wolfe v. Wolfe,* 303 Ill. App. 188, 24 N. E. (2d) 871; *Chipman v. Chipman,* 308 Mich. 578, 14 N. W. (2d) 502; *Smith v. Smith,* 246 Mich. 80, 224 N. W. 337; *Paille v. Paille,* 91 N. H. 249, 17 A. (2d) 445; *Sax v. Sax,* 130 Misc. Rep. 696, 224 N. Y. Supp. 634; *Parker v. Parker,* 189 App Div. 603, 179 N. Y. Supp. 51. On the other hand, there have been cases where the husband ignored the court's order, and the wife was without fault, in which the defense of laches was denied although the order was many years old. *Kimble v. Kimble,* 17 Wash. 75, 49 Pac. 216, acknowledges that principle. *McGill v. McGill,* 101 Kan. 324, 166 Pac. 501; *Marshall v. Marshall,* 164 Md. 107, 163 Atl. 874; *Kaiser v. Kaiser,* 213 Mich. 660, 181 N. W. 993; and *Warren v. Warren,* 92 N. J. Eq. 334, 112 Atl. 729, are examples in point.

It may be conceded that excusable cases of this character are the exception, and that normally the rule to be applied is that the statute of limitations applicable to suits at law applies where the equitable remedy is sought. However, I believe that the court should confine the application of the statute of limitations to garnishments or other proceedings to enforce support orders as judgments, and at the same time preserve the inherent discretionary power of the court to enforce its decrees by contempt proceedings, where in good conscience there is no defense.

For the foregoing reasons, I concur in the result of the majority opinion.