■ FRANCES FREDERICK, Respondent, v. CADMAN H. FREDERICK, Appellant. — By a final judgment entered in January, 1925 divorcing respondent from appellant, appellant was directed to pay permanent alimony at the rate of $125 a week, which rate had previously been agreed to by the parties. Appellant paid $125 a week until about January 2, 1952. From that date until August 23, 1956, a period of 242 weeks, he paid at the rate of $100 a week. From August 23, 1956 he has paid no alimony. By order to show cause returnable May 15, 1957 respondent moved to enter judgment for $10,750 arrears of alimony claimed to be due under the judgment of divorce, and for other relief. Respondent's affidavit in support of her motion, sworn to April 29, 1957, states that appellant owes $25 a week for the 242-week period from January 2, 1952 to August 23, 1956, amounting to $6,250 [sic], and $125 a week for the 36-week period from August 23, 1956 to April 29, 1957, amounting to $4,500, making a total of $10,750. Appellant claims that the reduction from $125 to $100 a week was pursuant to an agreement made on January 2, 1952 which was consented to by respondent in a letter. The letter was not produced, appellant claiming that it was lost in the course of moving. Respondent, however, denied having agreed to the reduction or having written a letter of confirmation. The court denied the motion to enter judgment but granted alternative relief. The appeal is from so much of the order entered thereon as (1) fixed at $10,750 the amount of the arrears of alimony, (2) appointed respondent receiver of three policies of insurance on appellant's life, of which policies respondent is the irrevocable beneficiary, (3) empowers respondent to surrender the three policies to the company which issued them and permits that company to accept them and to pay their cash value to respondent, as receiver, and (4) authorizes and empowers respondent out of the proceeds (a) to pay herself $10,750, (b) to pay to her attorney a counsel fee of $500, and (c) to pay herself current alimony at the rate of $125 a week commencing April 29, 1957. Order modified by striking from the second ordering paragraph everything beginning with the words "and surrender same" and ending with the words "as receiver hereunder", and by striking from said order the third, fourth, fifth and seventh ordering paragraphs. As so modified, order insofar as appealed from affirmed, without costs, and matter remitted to the Special Term (1) to inquire into all the facts and circumstances concerning the alleged agreement to waive the unpaid balances for the 242 weeks, during which time respondent accepted without complaint the reduced amount and (2) to enter an appropriate order carrying into effect its determination and not inconsistent herewith. "Parties may waive their rights under a contract or under a decree whether foreign or domestic when there is no law preventing waiver." (Rehill v. Rehill, 281 App. Div. 855, 856, revd. on other grounds 306 N. Y. 126.) Payments for alimony and for support of children, though required to be made by agreement and judgment, may be waived. (Rehill v. Rehill, supra; Bowman v. Bowman, 271 App. Div. 943; Gehring v. Gehring, 262 App. Div. 1065; Windle v. Heard, 254 App. Div. 875; Enthoven v. Enthoven, 225 App. Div. 309; Parker v. Parker, 189 App. Div. 603; Federman v. Federman, 64 N. Y. S. 2d 16.) The only question on this appeal is whether respondent waived her rights under the divorce judgment and agreed to take $100 a week for the 242-week period ending on or

about August 23, 1956. Appellant does not question respondent's right to receive $125 a week after August 23, 1956. If it be determined that respondent has not waived her right to the unpaid balances of $25 a week for the stated period, Special Term may make an order with provisions similar to those contained in the order appealed from to carry out its determination. If, however, it be determined that respondent has waived such right then Special Term may make a similar order fixing the amount of the arrears due to respondent, allowing a counsel fee, and empowering respondent to surrender the two policies having the least surrender values, with leave, when the fund is exhausted, to apply for permission to surrender the third policy for the payment of the current alimony. Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.