[No. 38652.    Department One.    December 1, 1966.]

NORA L. ROBERTS, *Respondent and Cross-appellant,* v. CURTIS L. ROBERTS, *Appellant.*

*Reported in 420 P.2d 864.

*Walt O. Knowles* and *Derr & Knowles,* for appellant.

*Hennessey, Curran, Bentley & Kelly* and *Harry E. Hennessey,* for respondent and cross-appellant.

HILL, J.—This is an aftermath of a 1946 divorce. It is a show cause proceeding instigated by the former wife to recover from the former husband some $1,330 of unpaid support money, which arrearage had accumulated during some 18 years and 4 months of payments (the difference between $17,570 which she conceded had been paid out of the $18,900 due); also to determine the interest of the former wife and the children in certain policies of insurance on the life of the former husband.

When the parties to this appeal were divorced, there were two children—John Whitlow Roberts, a boy of four; and Lynne Elizabeth Roberts, a girl of one. When the judgment here appealed from was entered, the boy was of age, and the girl was married.

The parties had made their own property settlement and support agreement before divorce. This was attached to and approved by the interlocutory decree of divorce September 3, 1946 (final decree October 8, 1947). The wife

received the equity in their home, the furniture, and the custody of the children. The husband agreed to pay the wife $50 a month "for the care, support and maintenance" of each of the children during their respective minorities.

In an entirely different section of the agreement, the parties dealt with their four policies of life insurance. In each policy, at that time, the husband was the insured and the wife the beneficiary. The section is as follows:

(2). Party of the second part [the husband] is to maintain in full force and pay all premiums prior to delinquency upon the following insurance policies:

(a). Policy #70815, Standard Insurance Co., $1000.00. Party of the first part [the wife] is to remain the irrevocable beneficiary, with the children as contingent beneficiaries.

(b). Policy #3103042, Northwestern Insurance Co., $3500.00 John Whitlow Roberts is to be the irrevocable beneficiary, with party of the first part as contingent beneficiary.

(c). Policy #3103041, Northwestern Insurance Co., $3500.00 Lynne Elizabeth Roberts is to be the irrevocable beneficiary, with party of the first part as contingent beneficiary.

Party of the first part releases all claim, right, title and interest with respect to the National Service Life Insurance of party of the second part.

It is agreed that the National Service Life Insurance policy was for $10,000.

From September, 1946, when the support payments began, through 1956, there were arrearages in the support payments amounting to an aggregate of $1,915 in the 124-month period. There were no arrearages during the years 1957 through 1964 and, according to our computation, the $1,915 arrearage was reduced to $1,030.

November 10, 1964, the former wife (hereinafter referred to as the plaintiff) secured an order in the divorce action directing the former husband (hereinafter referred to as the defendant) to show cause why he should not be held to be in contempt for failure to make the support-money payments then unpaid and for encumbering and depleting

the three life insurance policies he had agreed to maintain in full force, and asking also costs and an attorney's fee.

The defendant answered that during the preceding 6 years he had paid to the plaintiff sums equal to and in excess of those required by their agreement.

With reference to the insurance policies, the defendant answered that they were still in effect, but conceded that the face amount payable on each policy was encumbered to the extent of certain unpaid premiums. He further alleged:

> That at the time of entry into said Agreement it was the Defendant's intention that the purpose of the requirement for the maintenance of these policies for the benefit of the children was in connection with his lawful, legal obligation for the support of the children and that said requirement to maintain said policies would cease to exist at the time his requirements for the support of said children should terminate.

The trial court (1) gave plaintiff judgment for support money and interest in the sum of $1,625.80 ($1,006[1] for support money unpaid and $619.80 interest); (2) awarded the plaintiff $150 as attorney fees; and (3) held that "Plaintiff has no status before this Court to require the Defendant to maintain the life insurance policies."

The defendant appeals from (1) and (2); the plaintiff cross-appeals from (3).

We shall first consider the appeal.

■ Under our repeated holdings, each installment of alimony or child support, when unpaid, becomes a separate judgment and bears interest from the due date. Installments of alimony or child support, which accrued more than 6 years before the proceeding to collect them was commenced, are barred by the statute of limitations. *Koon v. Koon*, 50 Wn.2d 577, 313 P.2d 369 (1957); *Schumacher v. Schumacher*, 26 Wn.2d 23, 172 P.2d 841 (1946); *Mosher v. Mosher*, 25 Wn.2d 778, 172 P.2d 259 (1946); *Herzog v.*

[1]The difference between the trial court's computation of $1,006 and our computation of $1,030 is readily explainable, but in view of our disposition of the claim for arrearages it is not material.

*Herzog,* 23 Wn.2d 382, 161 P.2d 142 (1945); *St. Germain v. St. Germain,* 22 Wn.2d 744, 157 P.2d 981 (1945); *Boudwin v. Boudwin,* 159 Wash. 262, 292 Pac. 1017 (1930); *Shannon v. Shannon,* 193 Ore. 575, 239 P.2d 993 (1952).

In this case, all installments of support money which had accrued within the 6-year statute of limitations had been paid, and the trial court should not have entered any judgment for arrearages, all of which had accrued prior to 1957.

■ The trial court erred in adopting the ingenious argument, made on the plaintiff's behalf, that once an installment of child support money is not paid on time any subsequent payment is applied first to the payment of the arrearage and, then, to meeting the current needs of the children. It is conceded that in certain situations payments as made can be applied, first, to past due indebtedness and, then, to current obligations. However, no precedent, making such application of current payments in child-support cases, has been cited to us, nor have we found any.

This court has heretofore said that such a claim of application of current payments to arrearages was "not a tenable claim," as applied to child-support cases. *Schumacher v. Schumacher, supra.*

This method of keeping judgments for support money alive has been suggested to us at least twice before, and the suggestion was rejected each time. In the *Schumacher* case, *supra,* the interlocutory decree (March 24, 1936; made final November 10, 1936), provided that the husband was to pay $30 a month for the care and support of a minor child. There were show cause proceedings in May and August, 1937, and in November, 1938, with mounting delinquencies. In the latter proceeding, the court changed the $30 a month to $15 on the first and $15 on the fifteenth of each month.

On February 10, 1939, the husband secured a modification whereby he was to pay $10 on the first and fifteenth of each month until the child attained the age of 6; thereafter to pay $12.50 on the first and fifteenth of each month "until the

child 'has finished high school or ceased to go to school, or until the further order of the court.'"

August 24, 1945, the wife secured an order directing the husband to show cause why he should not pay her $830, the total amount he was in arrears in his alimony since the payments began in 1936.

The trial court found that all of the payments due under the order of February 10, 1939, had been paid, "and that the judgments due to plaintiff prior to entry of order February 10, 1939, were barred by the statute of limitations."

The wife appealed, contending that the payments made after February 10, 1939, should have been applied only on the existing judgment as a whole and to the oldest payments then delinquent under the order entered March 24, 1936. The court's answer was:

> Each payment respondent was ordered to make under the 1936 interlocutory order and final decree of divorce for the support of his minor child constituted, as it became due, a judgment. [citing cases] As each separate installment awarded by a divorce decree for support of a minor child of the parties constitutes a judgment as it becomes due, there can be no basis for a proceeding to enforce its collection if such proceeding is commenced six years after the installment is due. [citing cases and statute].
>
> . . . .
>
> It is not a tenable claim that the payments made in strict compliance with the order entered February 10, 1939, should be applied to anything other than the continued support of the minor child of the parties from date of entry of that order. (pp. 25, 26)

The same argument made by the plaintiff here was also made by the wife in *Koon v. Koon, supra*. She was given a judgment for all the monthly payments which had accrued within the 6-year period of the statute of limitations, but was denied recovery for 2 months just beyond the 6-year limit, *i.e.*, the payments of $83.34 for each of the two boys for July and August, 1949. The wife contended that she could apply the payments made in months within the statute of limitations to the months outside the statute,

there being no showing that the payments made "were specified or applied for any particular months."[2] She cited, in her brief, two of the cases which are cited here by the plaintiff, *i.e., Whiting v. Rubinstein*, 10 Wn.2d 5, 116 P.2d 305 (1941), and *Diettrich Bros. Inc. v. Anderson*, 183 Wash. 574, 48 P.2d 921 (1935). The *Diettrich* case states succinctly the rule relied on by the plaintiff here:

> Under the law of this state, if the debtor makes no specific application at the time of payment, then the right of application belongs to the creditor at any time before the account is settled between the parties or before the action is brought. If neither the debtor nor the creditor applies the payment specially, then the law will apply it to the oldest account. (p. 576)

This court did not feel that Mrs. Koon's contention—that the quoted rule should be applied to judgments for unpaid child support—merited extended discussion, but simply said:

> Each installment became a judgment as it matured, but payment of installments cannot be enforced six years after accrual. *Mosher v. Mosher*, 25 Wn.(2d) 778, 172 P. (2d) 259; *St. Germain v. St. Germain*, 22 Wn. (2d) 744, 157 P. (2d) 981. (p. 581)

It seems clear to us that money paid under a court order directing periodic payments for child support is to be applied to child support. Cases such as those relied upon by the plaintiff, dealing with ordinary debtor-creditor relationships, have no bearing on the problem here presented. This money is not paid to a wife to become her property, but to be expended for the benefit of the children. We regard *Schumacher v. Schumacher* and *Koon v. Koon,* both *supra*, as conclusively disposing of the contention of the plaintiff.

The money judgment for $1,006 and interest against the defendant will be set aside.

This is also true of the judgment against the defendant for the plaintiff's attorney fees in the sum of $150. We agree with the plaintiff's contention that $500 is a

---

[2]Quotation is from the brief of Mrs. Koon as cross-appellant in *Koon v. Koon, supra*.

reasonable fee for her attorney's services in both the trial court and the Supreme Court, but the showing was not sufficient to establish that the defendant should pay for such services. The *Koon* case, *supra,* again provides the proper answer.

> No question arises respecting the power of the court to award a wife a reasonable attorney's fee at any stage of a divorce action or in a proceeding ancillary thereto, but it may not be amiss to recall that the primary factors are the need of the wife therefor and the financial ability of the husband to respond. A wife is not entitled to free litigation. If, however, a wife is without funds, it is an abuse of discretion to deny. Conversely, if the wife has money of her own, it is error to award attorney's fees. (Footnotes omitted.) (p. 581)

Inasmuch as there was no showing of need in this case, the portion of the judgment allowing the plaintiff $150 attorney's fees will be set aside.

We now turn to the cross-appeal.

The defendant contends the agreement between the parties—by its provisions relative to the three policies of insurance listed as (a), (b), and (c) therein—was intended as security for the payments of support money for the children. Whether it was, or, as contended by the plaintiff, it was a part of the property settlement was a question which should have been decided.

The trial court did not reach that question. It found that,

> 10. The children are not parties to this action and are not attempting to enforce any rights for maintenance of the insurance policies.

and concluded therefrom that "Plaintiff has no status before this Court to require the Defendant to maintain the life insurance policies."

■ We do not agree. The plaintiff was the irrevocable beneficiary as to one of the policies and a contingent beneficiary as to the other two. If, as she contends, the designation of the beneficiaries and contingent beneficiaries was the division agreed upon by the members of the then community, as to their interest in four policies of life in-

surance in which the community had an interest, she was entitled to ask for enforcement of the agreement. That the children might have a similar right, as third-party beneficiaries, subtracts nothing from the right of the plaintiff to have the agreement between the parties enforced.

The property settlement agreement itself supports her position, and there is nothing about it to indicate that the designation of beneficiaries and contingent beneficiaries was intended for security purposes only. It is significant that there was a fourth policy for $10,000 which was awarded to the defendant as his sole and separate property. It is not unusual for children to be the beneficiaries in their father's insurance policies, nor for a wife's interest in insurance paid for by the community to be protected.

We are not attempting to prejudge the issue raised by the defendant's insistence that the insurance for the benefit of the beneficiaries and contingent beneficiaries was not intended to be a continuing obligation, but was to terminate with his obligation to support the children. We are, however, holding that the trial court should have ruled upon the issue presented. The cause is remanded to the trial court for the determination of that issue and to take such action as is appropriate thereto. The trial court has authority to take additional testimony on the issue presented, if that be deemed necessary.

We have given no consideration as to what extent, if at all, the defendant is entitled to encumber the policies if the contention of the plaintiff is sustained; if the defendant prevails, the matter is moot.

The defendant, having prevailed upon his appeal, and the plaintiff having prevailed on her cross-appeal, the parties will each bear their own costs.

ROSELLINI, C. J., OTT and HALE JJ., and LANGENBACH, J. Pro Tem., concur.