[No. 9424. Department Two. June 22, 1911.]

EDLA POLAND, *Respondent*, v. C. G. POLAND, *Appellant*.[1]

DIVORCE—DECREE FOR ALIMONY — ENFORCEMENT — PROCEEDINGS — PARTIES—CONTEMPT. A show cause order to enforce a decree for alimony is properly entitled in the divorce case, as the same is an equitable proceeding in aid of the court's original jurisdiction, and not a contempt proceeding to be prosecuted as a criminal case in the name of the state, under Rem. & Bal. Code, § 1054; although the order was to show cause or be adjudged in contempt.

SAME—JURISDICTION. The jurisdiction of the court in a divorce case to enforce the payment of alimony awarded for the support of children is a continuing one, without the necessity of another action to collect payments past due.

[1]Reported in 116 Pac. 2.

Appeal from an order of the superior court for King county, Ronald, J., entered October 17, 1910, upon findings in favor of the plaintiff, decreeing the payment of alimony awarded by a decree of divorce, after a hearing before the court. Affirmed.

*Faben & Kelleran,* for appellant.
*Roney & Loveless,* for respondent.

Morris, J.—Prior to October 13, 1903, the parties hereto were husband and wife. On that day a decree of divorce was entered, dissolving the marriage relation and awarding to respondent $40 per month for the support and maintenance of the three minor children of the parties. These payments were made regularly until January, 1905, since which time payment has only been made at intervals, leaving a balance now due of at least $1,400, the true amount due being dependent upon the value of certain disputed credits not necessary to be here determined. On June 20, 1910, the court below entered an order herein in the original case, upon motion of respondent, requiring the appellant to show cause, upon the return thereof, why he should not be required to pay the sum then claimed to be due under the decree. He appeared in response to this order, attacking the jurisdiction of the court, in which he was overruled; then asking that the decree be modified so as to eliminate therefrom the provision regarding the monthly payment, and that he be discharged from the payment of all claimed arrears. This motion being denied by the court, a hearing was had upon affidavits, the court entering an order October 17, 1910, requiring the appellant to pay $300 of the arrears within thirty days, and to continue the $40 monthly payment provided for in the original decree. The appeal is from this order.

We shall not refer to the findings as made by the court below. They are abundantly sustained by the record and will stand as the findings of this court. The sum of $300 was de-

termined by the court below as the proper amount to be now
paid upon the back payments, on account of that sum being
required for necessary medical and surgical aid to two of the
children. The jurisdictional attack is made upon two grounds,
it being first contended that, as the show-cause order of June
20 required the respondent to appear or be adjudged in con-
tempt, it was a contempt proceeding, and as such should have
been brought in the name of the state, under Rem. & Bal.
Code, § 1054, providing that:

"In the proceeding for a contempt, the state is the plain-
tiff . . . and in all cases where the proceeding is com-
menced upon the relation of a private party, such party shall
be deemed a coplaintiff with the state."

This is not a contempt proceeding. Under our statute a
proceeding in contempt is in the nature of a criminal pro-
ceeding, in which the only matter to be inquired into is the
contemptuous act charged. This is a proceeding in a court
of equity in aid of its original jurisdiction, in which the
court is seeking the enforcement of its original decree; and
although the court required the respondent to appear in re-
sponse to its order or be adjudged in contempt, the nature of
the proceeding was not changed from one of equitable to one
of criminal cognizance. It has long been the established
practice in this state, in seeking the enforcement of alimony
decrees, to entitle the proceeding in the original action, and
such practice has been recognized in this court in *Holcomb v.
Holcomb*, 53 Wash. 611, 102 Pac. 653, and *Metler v. Metler*,
32 Wash. 494, 73 Pac. 535. Such also is the rule in other
states. *Lyon v. Lyon*, 21 Conn. 185; *Andrew v. Andrew*, 62
Vt. 495, 20 Atl. 817. Had the respondent failed to appear
and the court desired to move against him for his refusal, it
would have been the commencement of a new proceeding, and,
as such, brought under the contempt statute. But so long
as the only question before the court involves the construction
and enforcement of its original decree, it was an equitable

proceeding, properly brought under the original proceeding and properly entitled therein.

It is next contended that the proceeding was irregular. Being an attempt to enforce a liability for the payment of alimony arrears, it was an attempt to enforce a substantive cause of action against respondent, and as such could only be instituted and enforced as any other cause of action. Counsel cites no authority for this contention, and we know of none. The jurisdiction of the court in divorce cases, where alimony is awarded for the support of children, is a continuing one, and the jurisdiction of both the parties and the subject-matter continues so long as there is a minor child whose welfare and maintenance are provided for in the decree.

The other matters complained of arise out of exceptions to the court's findings of fact which, as we have before stated, we find to be abundantly sustained by the record, and they will not be disturbed.

The order appealed from is affirmed.

DUNBAR, C. J., CROW, ELLIS, and CHADWICK, JJ., concur.