[No. 10009.  Department Two.  February 24, 1912.]

CATHERINE McGILL, *Respondent*, v. HENRY McGILL, *Appellant*.[1]

DIVORCE—ALIMONY—ENFORCEMENT—CONTEMPT PROCEEDING— TITLE —PARTIES.  A proceeding to enforce a decree for alimony by means of notice and commitment for contempt in case of default, is not an independent contempt proceeding to be prosecuted in the name of the state, but is properly entitled in the divorce case.

SAME—REMARRIAGE OF PLAINTIFF—PARTIES.  The remarriage of the wife does not prevent the enforcement of a decree for alimony.

SAME — SUPPORT OF CHILD — REMARRIAGE OF PLAINTIFF — EFFECT. The fact that, on remarriage, the wife's husband assumed the custody and support of a child, is no answer to contempt proceedings to enforce the payment of alimony awarded to the wife for such support.

Appeal from an order of the superior court for King county, Frater, J., entered July 10, 1911, requiring the payment of alimony awarded in a decree of divorce.  Affirmed.

*Herbert E. Snook*, for appellant.

*Rosenthal & Aaron*, for respondent.

ELLIS, J.—This is an appeal from an order requiring the defendant to pay delinquent installments of alimony, awarded to plaintiff for the support of a minor child, by a decree of divorce, within ten days, failing which he stand committed to the county jail as for contempt.  The defendant appeared specially and moved the court to quash the proceeding upon two grounds.

(1)  It is urged that the proceeding, being for a contempt, could, under Rem. & Bal. Code, § 1054, be prosecuted only in the name of the state.  It is a sufficient answer to say that this is not a proceeding for an independent contempt such as contemplated by the statute. · The statutory proceeding is, in its nature, an original criminal proceeding, in which the

[1]Reported in 121 Pac. 469.

sole subject of inquiry is the contemptuous conduct charged. The proceeding here arose in the exercise of the inherent power of a court of equity to enforce its decrees.   It was in aid of the jurisdiction acquired in the original action, which continues so long as there is a minor child whose maintenance was provided for in the decree.   The proceeding was, therefore, properly entitled as in the original action to which it is referable for the court's jurisdiction.   This is no longer an open question.   *Poland v. Poland,* 63 Wash. 597, 116 Pac. 2; *Dyer v. Dyer,* 65 Wash. 535, 118 Pac. 634; Rem. & Bal. Code, § 989.

(2)   The second contention is that the proceeding should be dismissed because, the plaintiff having remarried, there is now no such person as the plaintiff named.   There is no merit in this contention.   The cases above cited effectually dispose of it as they do of the first.   The motion to quash was properly denied.

(3)   On the merits, the defendant answered that the present husband of the plaintiff had voluntarily assumed the support of the child, and stood in *loco parentis;* that the purpose of the decree was thus met and the defendant thus absolved from its further observance.   The solemn decrees of courts are not to be discharged in any such fortuitous fashion.   We cannot recognize charity, however willingly bestowed, as a legal substitute for the natural duty of a parent to maintain his minor child.   The court correctly held that the answer stated no defense.

The order is affirmed.

DUNBAR, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.