[No. 26218.   Department One.   September 10, 1936.]

R. JAMES FEEK, *Appellant,* v. JOAQUINA FEEK, *Respondent.*[1]

[1]Reported in 60 P. (2d) 686.

*Mifflin & Mifflin,* for appellant.

*McMicken, Rupp & Schweppe,* for respondent.

STEINERT, J.—This is an appeal from an order requiring the payment of support money due and accruing under a prior decree of divorce, and also from an order denying a petition to modify such prior decree.

In an action for divorce brought by appellant against respondent, a decree was entered July 18, 1923, granting the divorce to the respondent wife and awarding to her the sole care, custody, and control of Richard James Feek, minor child of the parties. At the same time, appellant was ordered to pay to the respondent, for the care and support of the minor child, the sum of twenty dollars per month, to begin as of July 15, 1923, and to continue until the further order of the court.

From July 15, 1923, to October 15, 1935, inclusive, there accrued to respondent, under the decree, the sum of $2,960. Of this amount, appellant paid, in all, the sum of $1,244.92, or an average amount of about one hundred dollars per year, leaving a balance of $1,715.08 unpaid. Within this period, and from January 1, 1930, to October 15, 1935, inclusive, there accrued to respondent, under the decree, a total of fourteen hundred dollars, of which amount appellant paid $500.92, leaving a balance of $899.08 due and owing for the latter period. During the year 1934, appellant paid only $97.45, and during the year 1935 only $60. We are not concerned herein with the delinquencies accruing prior to January 1, 1930.

Richard James Feek, the minor child, attained the age of eighteen years on September 23, 1935, and at all times herein mentioned has been in the custody and under the care of the respondent. The boy has completed his high school education and has since

been eager to take a forestry course at the University of Washington. To that end, he has been endeavoring to earn money by working in a gasoline service station. The respondent has also been, and now is, desirous of having the boy enter the university, and in order to render him the necessary assistance, initiated this proceeding to compel appellant to make the payments accruing under the decree subsequent to January 1, 1930. This appears to be the first time that the respondent has taken any legal action to enforce payment of the support money.

Upon the petition, motion, and affidavit of respondent, filed in the original divorce action, an order was issued by the court, on October 21, 1935, directing the appellant to show cause why he should not forthwith pay to the respondent the unpaid delinquencies to the extent of $899.08 and also pay the future installments of twenty dollars per month, as provided in the decree, or, in the alternative, be punished for contempt for his failure in either respect.

Appellant demurred to respondent's petition, motion, and affidavit, and at the same time sought by his own petition to have the prior decree of divorce modified to the extent of relieving him from further liability for the support of his minor son.

The entire matter was heard by the court upon controverting affidavits, supplemented by the oral testimony of the appellant.

The basis of appellant's position in the controversy, as shown by his evidence, may be summarized as follows: Appellant remarried in 1930 and is now living with his second wife, by whom he has one child and, at the time of the hearing, had the expectancy of another. The birth of the second child would expectantly entail the expense of a physician, hospital, and nurse.

Appellant also has outstanding unpaid bills in the sum of five hundred dollars.

In 1931, he borrowed two thousand dollars from his father and, with another party, organized a corporation for the conduct of a used car business. The father subsequently advanced a further sum for the purchase of the other party's stock in the corporation, and at the present time the entire stock of the company is owned equally by the appellant and his father. The appellant still owes his father, on the amount borrowed, the sum of $1,050, for which the appellant's stock in the corporation has been pledged as security. In the beginning, the business of the company was not very successful, but it has now arrived at a point where appellant is able to withdraw therefrom two hundred or two hundred fifty dollars a month. Out of these earnings received by appellant, he pays his father the sum of fifty dollars per month.

In his affidavit, appellant stated that, ''within his means,'' he was willing to contribute to his son's intended education, and that, if the decree were modified as requested by him, he would bend every effort toward contributing twenty dollars per month regularly into a fund for that purpose.

At the conclusion of the hearing upon the evidence submitted, the court made an order, the material portions of which, so far as pertinent here, are contained in three paragraphs. The first of these paragraphs reads as follows:

''That by reason of the laches on the part of the defendant [respondent] in failing prior hereto to enforce her rights under said decree, the plaintiff [appellant] is not now in contempt of court for failure to make all of the payments accruing under said decree as they accrued.''

In the next paragraph, the court ordered appellant to pay to respondent's attorneys, for use as a fund to

assist the minor son in attaining a university education, the sum of twenty-five dollars per month from October to March, inclusive, of each year, until the further order of the court, and forty dollars per month for the remaining months of each year. The court further directed that, of these amounts, twenty dollars per month should be applied on account of current installments of support money and the remainder applied on the delinquency to the extent of $899.08.

In the third paragraph of the order, it was provided that, if appellant failed to make the monthly payments as directed, citation should issue directing appellant to show cause why he should not be punished for contempt of court for such failure.

The court also entered an order denying appellant's petition to modify the decree of divorce.

From these two orders, this appeal was taken, and cost and supersedeas bonds were duly and regularly posted by appellant.

In his brief, appellant presents five assignments of error, grouped and discussed under two heads. Under the first group of assignments, appellant contends that the court erred (1) in refusing to dismiss the citation upon finding that, because of respondent's laches, appellant was not in contempt of court; (2) in making and entering an affirmative order as to past and future installments accrued and accruing under the original decree; and (3) in refusing to find that all sums which had accrued under the decree, prior to the statutory period, were barred by the statute of limitations so far as contempt proceedings to enforce the same were concerned.

By reference to what has already been stated herein, it will be observed that this proceeding was initiated by petition, motion, and affidavit, pursuant

to which an order was issued directing appellant to show cause why he should not forthwith pay up the delinquent installments and continue payment of future installments, or else be punished for contempt. The proceeding, however, was not one, primarily, to have appellant punished for contempt, but was one to enforce payment of the sums due and accruing under the decree, in order to assure the minor son's education. The evidence was, for the most part, directed to the necessities of the respondent and her son and the ability of the appellant, and the determination of those issues was the principal matter before the court.

It is true that the court found that, by reason of respondent's laches in the enforcement of her rights under the decree, the appellant was not, *at the time of the hearing,* in contempt. But it is apparent, from a reading of the order, that the extent of the court's holding was to the effect that appellant was not *then* in contempt for failure to make *all* of the payments *as they accrued.* In other words, the court held that, by reason of the particular circumstances of the case, it would not summarily declare the appellant to be presently in contempt for failure to pay an accumulated amount which his own evidence showed that he was not able to pay in full immediately. But, in making that finding, the court did not foreclose or estop itself from considering and determining the paramount questions in the case.

The court was not limited, either by the pleadings or by the extent of its own jurisdiction and authority, to the mere question of contempt for past failures, but was invoked to consider and was fully authorized to determine how and to what extent the appellant should perform the duty enjoined upon him by the prior decree. Whether appellant may be punished for contempt, in the future, for failure to pay as di-

rected, will depend upon the facts and circumstances then existing and will be a matter resting in the sound discretion of the court. There was no error in failing to. dismiss the entire proceeding or in entering the affirmative order.

In his reliance upon the statute of limitations, appellant seems to go upon the theory that this proceeding is one for criminal contempt, and that, therefore, relief to respondent must be limited to the statutory one-year period; or else, if the proceeding be regarded as one for civil contempt, that relief thereunder must be limited either to the two-year, or, at most, to the three-year, statutory period.

We do not agree with the contention that this is a proceeding for criminal contempt, nor with the contention that, if it be a civil contempt proceeding, it is limited either to the two-year or to the three-year period. Whether the six-year limitation applies, as appears to have been assumed or conceded in *Phillips v. Phillips,* 165 Wash. 616, 6 P. (2d) 61, it is unnecessary to determine in this case, because the order of the court did not relate to any installment maturing prior to the six-year period.

The proceeding before us is not one wherein the only matter to be inquired into is the contemptuous act charged. It is a proceeding in a court of equity in aid of its original jurisdiction, wherein the court is seeking to enforce its original decree. In enforcing its orders and decrees, a court of equity has the right to resort to contempt proceedings as a coercive measure, and when it does so, the nature of the proceeding is not thereby changed from one of equitable cognizance to one of criminal cognizance. *In re Cave,* 26 Wash. 213, 66 Pac. 425, 90 Am. St. 736; *Poland v. Poland,* 63 Wash. 597, 116 Pac. 2; *McGill v. McGill,* 67 Wash. 303, 121 Pac. 469; *Boudwin v. Boudwin,* 162

580

Wash. 142, 298 Pac. 337; *Phillips v. Phillips,* 165 Wash. 616, 6 P. (2d) 61. This is true even in a case where the original decree of divorce has been procured in another state. *Shibley v. Shibley,* 181 Wash. 166, 42 P. (2d) 446. If there is a definite and unconditional order of the court to pay alimony or support money, it is enforceable by contempt proceedings. *State ex rel. Ridenour v. Superior Court,* 174 Wash. 152, 24 P. (2d) 418.

If the proceeding be regarded, as it should be, as a civil proceeding to enforce an original judgment, then neither the two-year statute, Rem. Rev. Stat., § 160 [P. C. § 8168], nor the three-year statute, Rem. Rev. Stat., § 159 [P. C. § 8166], can apply. The proceeding would, at most, be controlled by the six-year statute, Rem. Rev. Stat., § 157 [P. C. § 8162].

Under his second group of assignments, appellant contends that the court erred (1) in holding that appellant would be required to furnish his son a university education, and (2) in refusing to grant appellant's petition for modification of the original decree.

Rem. Rev. Stat., § 989 [P. C. § 7508], provides that, in granting a divorce, the court shall, among other things, make provision for the guardianship, custody, support, and education of the minor children of the marriage.

While the duty of a father to provide for his minor child, then in the custody of another person, is limited to necessaries, the question to what extent, or what kind of, an education is necessary is a relative one, dependent upon all the facts and circumstances of the particular case. *Esteb v. Esteb,* 138 Wash. 174, 244 Pac. 264, 246 Pac. 27, 47 A. L. R. 110; *Underwood v. Underwood,* 162 Wash. 204, 298 Pac. 318.

In the *Esteb* case, the matter of education as a necessary was fully considered and discussed, and it

was therein held that, under the circumstances there involved, the court had the right in its discretion to require the father of a minor child, who was in the custody of the mother, to provide the child with a college education as a necessary.

In this case, the education sought by the minor is intended to fit him for a vocation in life, and we think that, under all the facts and circumstances presented by the evidence, the court was justified in requiring the appellant to provide funds for that purpose and upon the terms prescribed.

Considering, briefly, appellant's petition to modify the original decree, we think that the court dealt fairly with appellant in making the allowance that it did. The fact that appellant subsequently remarried and has another child, or possibly two children, does not, of itself, relieve him of the obligation fixed by the original decree. In such cases, the court will make such adjustment as the necessities of the parties demand and the ability of the husband permits. *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974; *Herrett v. Herrett,* 80 Wash. 474, 141 Pac. 1158; *Shattuck v. Shattuck,* 141 Wash. 600, 251 Pac. 851; *Cook v. Cook,* 168 Wash. 649, 13 P. (2d) 38.

Appellant is receiving from his business two hundred dollars, or more, per month. It is not unreasonable to require him to pay the sums fixed by the court toward the son's education, the same to be credited as directed in the court's order.

The two orders appealed from are affirmed.

MITCHELL, TOLMAN, and GERAGHTY, JJ., concur.