[No. 30449.  Department Two.  April 29, 1948.]

PRISCILLA A. BRADLEY, *Appellant*, v. CHARLES A. FOWLER, JR., *Respondent*.[1]

[1]Reported in 192 P. (2d) 969.

*Wright & Wright*, for appellant.

*John J. Kennett*, for respondent.

JEFFERS, J.—This is an appeal by Priscilla A. Bradley, formerly Priscilla A. Fowler, from an order entered in the case of Priscilla A. Fowler, plaintiff, v. Charles A. Fowler, defendant, on October 11, 1947, decreeing that defendant was not in contempt of court, and allowing to defendant certain offsets against support money payments which plaintiff claimed were due and unpaid.

There is very little, if any, dispute in the facts leading up to the entry of the above order. On September 19, 1944, appellant obtained an interlocutory order (denominated "Interlocutory Decree of Divorce"), by which order appellant was awarded the sole and exclusive care and custody of Donna Linn Fowler, age nine years, and David Fowler, age seven years, minor children of the parties, subject, however, to the right of respondent to visit the children and have them with him at *reasonable times*. We call at-

tention to the foregoing italicized words, for reasons which will hereinafter appear. The interlocutory order also directed respondent to pay to appellant the sum of twenty-five dollars per week for the care, custody, and support of the minors, until the further order of the court.

A final decree of divorce, which ratified and confirmed in all respects the interlocutory order, was entered on March 22, 1945.

After the entry of the final decree, appellant married Edward W. Bradley, whose business was in the state of New York. Appellant desired to go to New York to be with or near her husband, and she wished to take her children with her. Respondent, apparently learning that appellant intended to take the children out of the jurisdiction of the court, obtained a temporary restraining order preventing appellant from removing the children from this state.

On October 9, 1945, Judge Meakim entered an order denying respondent's application for a permanent order restraining appellant from removing the children from the state of Washington, and dissolving the temporary restraining order theretofore issued. However, in such order, the court did modify the interlocutory order and final decree of divorce, as follows:

"It Is Further Ordered that the Interlocutory and Final Decrees of Divorce heretofore entered herein be and are modified as follows:

"(1) That in the event plaintiff [appellant here] removes herself and her two children, Donna Linn Fowler and David Fowler, from the State of Washington and the jurisdiction of this Court, for the purpose of establishing a home with or near her present husband, Edward W. Bradley, she shall return them to Seattle, Washington, for the purpose of visiting and living with their father, Charles A. Fowler, the defendant herein, for a period of six weeks of each year, commencing July 1, 1946 and July 1st of each subsequent year, until the further order of the Court.

"(2) That defendant shall advance to plaintiff the expenses of these periodic trips from plaintiff's home to defendant's home in Seattle, Washington, and plaintiff shall pay for the expenses of the return trip from Seattle, Washington, to her home.

"(3) *That during the six weeks' period of each year when defendant has his two children living with him, he shall be relieved of paying to plaintiff the support money as provided in the Interlocutory Decree of Divorce.*

"(4) That whenever and in the event plaintiff returns to the state of Washington with her two children the visitation rights and privileges given to defendant by the provisions of the *Interlocutory Decree* of Divorce shall immediately be restored to defendant.

"(5) That in all other respects the provisions of the said *Interlocutory and Final Decrees of Divorce* shall remain in full force and effect." (Italics ours.)

May we say here that it is respondent's contention, in the instant proceeding, that the provision of the final decree of divorce whereby respondent was required to pay to appellant the sum of twenty-five dollars per week for the support of the children was modified by paragraph No. 3 of the order of October 9, 1945, and that the final decree, as so modified, has at all times since been in effect, regardless of the other provisions of the order of October 9th, or the subsequent modification, to which we shall refer; that, under the final decree as modified by the order of October 9th, respondent is not required to pay to appellant the sum of twenty-five dollars per week during the time he has the children in his custody.

Sometime after the order of October 9th was entered, appellant and her two children left this state and went to the state of New York, where she remained until June, 1946.

Pursuant to the decree as modified by the order of October 9th, respondent sent to appellant sufficient money to pay the transportation of herself and the children to Seattle, so that the children could visit their father for six weeks beginning July 1, 1946. Appellant came to Seattle, bringing the children with her, and arrived in Seattle the latter part of June, 1946. When appellant came to Seattle, she did not know that she would again take up her residence in this state. However, shortly after she arrived here, her husband was transferred to Seattle. Mr. Bradley arrived in Seattle about July 25, 1946, and, since that time, appellant

and her husband have been residents of the state of Washington.

After appellant had again taken up her residence in this state, appellant and respondent both apparently were of the opinion that the portion of the interlocutory order and decree of divorce which provided that respondent had the right to visit his children and to have them with him at *reasonable times* was in full force and effect, and, apparently having had some trouble as to what constituted "reasonable times" for respondent to visit his children and have them with him, entered into a stipulation on November 7, 1946, for modification of the *interlocutory order and final decree*. The above stipulation provides:

"In this cause, the plaintiff having petitioned this court for a modification of the Interlocutory Order herein, and the parties having agreed between themselves; now, therefore,

"It is stipulated that the Interlocutory Order may be amended as follows:

"That paragraph 3 of the Interlocutory Order or Decree of Divorce shall be amended and the words 'Subject to the right of defendant to visit said children and to have them with him at reasonable times,' be modified by providing that the defendant shall have the right to have the children with him on the first and third Fridays of each month from 5 P. M. until the Sunday following at 6 P. M. That in addition, the defendant shall have the children with him for five (5) weeks during the summer vacation, provided, however, he must notify the plaintiff by June 1st of each year of the period which he selects for having the children with him. That in addition he may have the children with him for one-half the spring vacation, providing he notifies the plaintiff at least two (2) weeks prior to the said spring vacation setting forth the days that the defendant desires to have the children. That in addition, the defendant may have the children with him on the odd-numbered years from 5 P. M. on December 24th to 5 P. M. on December 29th, and on the even-numbered years from 5 P. M. on December 29th to 5 P. M. on January first. That in addition, in the off-numbered years he may have the children with him for Thanksgiving Day from 10 A. M., until 8 P. M.

"It is further stipulated that during the time the defendant has said children with him he may take them to any

recognized church that has a regular church building, for any religious training or teaching that he may desire.

"Nothing in this modification shall relieve the defendant from payment *at all times and continuously* of the stipulated sum provided for in the decree that he must pay to the plaintiff for the support, care, clothing and education of the children." (Italics ours.)

It will be noticed that in the above stipulation no reference is made to the modification order made on October 9, 1945, but the stipulation plainly refers to a modification of the interlocutory order and final decree of divorce.

Pursuant to the above stipulation, and in accordance therewith, an order was entered by Judge Long on November 7, 1946, modifying the interlocutory order and final decree, as above indicated.

Respondent testified in the instant proceeding that the above stipulation was prepared by counsel for appellant and was signed by respondent in the office of counsel for appellant, at which time respondent was not represented by counsel, and that nothing was said at that time relative to respondent's obligation to pay support money while the children were actually in his custody. As we understand respondent's contention, it is that, at the time he signed the above stipulation, he understood that the words "provided for in the decree," contained in the last paragraph of the stipulation, referred to the final decree as modified by the order of October 9th, under which modification he was not required to pay support money while the children were in his custody.

The trial court in the instant proceeding was of the opinion, as shown by its oral decision, which is made a part of the statement of facts, that respondent did know what was in the stipulation, and knew that thereunder he was not relieved from making the *payments at all times and continuously*. It is apparent that the trial court was of the opinion that respondent was obligated to make the payments of twenty-five dollars a week for the support of the children, whether he had them or not; otherwise, the court would have had no occasion for allowing an offset to re-

spondent for the five weeks he had the children, for which time respondent contends he should not be required to pay support money.

On September 3, 1947, appellant filed in the divorce action an affidavit for an order to show cause, wherein she stated that she was the plaintiff in such action; that she obtained a divorce from defendant and the custody of the children; that defendant was required to pay for the support of the children the sum of twenty-five dollars per week; that defendant had not paid this sum, and was then in default in his payments in the total sum of $216.80; that defendant was able to pay, but refused so to do.

Upon the filing of this affidavit, a show cause order was issued requiring the defendant to appear and show cause why he should not be punished as for contempt for his failure to pay back support money in the sum last above named.

It appears without dispute that the time respondent had his children, for which he contends he should not be required to pay support money, was from July 18 to August 25, 1947.

It seems to be admitted that respondent has paid all sums due up to July 15, 1947, and it is admitted that, at the time he returned the children to appellant, on August 25, 1947, he tendered to appellant a check for $32.20, which was sufficient, at the rate of twenty-five dollars per week, to pay from July 15th to July 18th, and from August 25th to August 31st. In other words, if respondent was not required to pay for the time he had the children in his custody, the check for $32.20 would have been sufficient to pay what he was required to pay up to September 1, 1947.

Respondent testified, over objection, that during the time he had the children, from July 18th to August 25th, he expended a little over one hundred dollars for clothes and medical attention for them.

Respondent appeared in answer to the show cause order, but filed no pleading of any kind in answer thereto.

After a hearing, in which oral evidence was given and the interlocutory order, final decree of divorce, and the two subsequent modifications were introduced as exhibits, the court, on October 11, 1947, entered the following order:

"This matter coming on regularly for hearing before the undersigned, one of the judges of the above entitled court, upon the defendant's return to an 'Order to Show Cause for Contempt' issued out of this cause on the 3rd day of September, 1947, plaintiff appearing in person and by her attorney, Elias A. Wright, and the defendant appearing in person and by his attorney, John J. Kennett, and each of the parties having offered all of their evidence, and the court having heard and considered the same, and having thereafter orally announced its decision wherein the court found that the defendant had paid to the plaintiff moneys which he was not obligated to pay under the decrees heretofore entered in this matter, and that during the five weeks period in the summer of 1947, the defendant, while the minor children were in his custody, spent a sum in excess of $100.00 on behalf of said children for medicine, medical care and clothing, and that the defendant had not wilfully disobeyed any provision of the decrees in this cause with reference to the support of his said minor children, and that the defendant was equitably entitled to a credit in the amount of $125.00 on account of the matters above set forth and more particularly described by the court in its said opinion, upon the delivery by the defendant to the plaintiff of the clothing in his possession so purchased for the children during the summer of 1947, and the court being now fully advised in the premises, and pursuant to the said oral decision, does:

"ORDER, ADJUDGE AND DECREE that the defendant is not in contempt of court, and that the said Order to Show Cause for contempt be and the same is hereby dismissed with prejudice;

"ORDER, ADJUDGE AND DECREE that defendant deliver to the plaintiff the clothing in his possession which he bought for the minor children of the parties during the summer of 1947, and upon such delivery his obligation for support money for the five weeks that he had the minor children in his custody during the summer of 1947 shall be considered fully and completely satisfied and discharged."

From this order, Priscilla Bradley has appealed.

It is apparent from appellant's questions, as stated in her

brief, and from the arguments therein, that it is her contention that the trial court erred in granting respondent affirmative relief, in view of the fact that he filed in the proceeding no pleading in which he asked for an offset, or in which he asked for any affirmative relief whatever; in allowing respondent a credit of one hundred twenty-five dollars for payments voluntarily made by respondent for medical supplies and clothing for the children while they were in his custody; in not allowing attorney's fees to appellant on her application to enforce payment of support money; and in refusing to hold that respondent was in contempt for not complying with a lawful decree of the court requiring him to pay support money.

We are of the opinion this is a proceeding in a court of equity wherein the court is asked to resort to contempt proceedings, as a coercive measure, in aid of its original jurisdiction to enforce its original decree.

We have consistently held that, in enforcing its orders and decrees, a court of equity has the right to resort to contempt proceedings, as a coercive measure, and that when it does so, the nature of the proceeding is not thereby changed from one of equitable cognizance to one of criminal cognizance. *Feek v. Feek,* 187 Wash. 573, 579, 60 P. (2d) 686.

We have long recognized the rule in this state that it is proper, in seeking to enforce alimony and support decrees, to entitle the proceeding the same as the original action. *Poland v. Poland,* 63 Wash. 597, 116 Pac. 2; *Boudwin v. Boudwin,* 162 Wash. 142, 298 Pac. 337; *Feek v. Feek, supra; Davis v. Davis,* 15 Wn. (2d) 297, 130 P. (2d) 355.

Respondent moves to dismiss the appeal, on the ground that, if the proceeding be considered in the nature of a civil contempt, the amount in controversy ($125) is not such as to give this court jurisdiction.

This motion must be denied, for two reasons: first, because we have held that the constitutional limitation as to the amount involved does not apply in equitable proceedings (*Schmelling v. Hoffman,* 124 Wash. 1, 213 Pac. 478);

and second, because the original amount involved, as shown by the affidavit which was the first pleading filed in this proceeding, was $216.80.

We stated in *Ingham v. Harper & Son,* 71 Wash. 286, 290, 128 Pac. 675, Ann. Cas. 1914C, 528:

"The rule that the amount due according to the plaintiff's claim at the commencement of the action should govern in determining his right of appeal is certain and definite and more in harmony with the constitutional limitation to the *original* amount in controversy than any other."

We also stated in *Sherman v. Babcock,* 92 Wash. 546, 548, 159 Pac. 781:

"It is a settled principle that the amount in controversy as limiting the right of appeal is determined by the averments of the pleadings, not by the demand for judgment."

While the order entered in this proceeding recognizes that respondent was required to make to appellant, continuously and at all times, support-money payments of twenty-five dollars per week, the order does not refer to any specific order or decree under which respondent was required to make such payments. Again, it may be inferred from the court's oral decision that it was the opinion of the court that respondent was required to make such payments, because of the provision found in the order of modification made by Judge Long on November 7, 1946, which we quote:

"It is further ORDERED, ADJUDGED and DECREED that this modification shall not relieve the defendant from *payment at all times and continuously* of the stipulated sums provided for in *the decree* that he must pay to the plaintiff for the support, care, clothing and education of the children." (Italics ours.)

We are of the opinion that, before it can be determined whether or not respondent was required to pay support money for the children for the five weeks period hereinbefore referred to, it must be determined whether or not the final decree of divorce, which provided that respondent should pay to appellant the sum of twenty-five dollars per week for the support of the children, had been so modified by the order of Judge Meakim entered on October 9, 1945,

or the order of Judge Long entered on November 7, 1946, as to relieve respondent from making support-money payments while he had the children in his custody.

■ We have hereinbefore referred to the modification order entered by Judge Meakim and set out the material provisions thereof. We are clearly of the opinion that such modification order was meant to apply and be in force only during the time appellant was a resident of New York; and that, if and when she should return to Washington and again take up her residence in this state, then and in that event such modification order would become inoperative, and the provisions of the final decree of divorce would auto- matically become again in full force and effect. In other words, it is our opinion that, in so far as the above order relieved respondent of making support-money payments while he had the children in his custody, it applied only to the time appellant was a resident of New York.

We are also of the opinion that the modification order entered by Judge Long on November 7, 1946, based on the written stipulation of the parties, was not intended to, and did not, relieve respondent from making the support-money payments which he was required to make under the final decree of divorce, but to the contrary, the modification order expressly provided that it should not relieve respondent

". . . *from payment at all times and continuously of the stipulated sums provided for in the decree that he must pay to the plaintiff for the support, care, clothing and education of the children.*" (Italics ours.)

We are of the opinion that the word "decree" used in the above quotation was intended to, and does, refer to the final decree of divorce, under which respondent was required to pay to appellant twenty-five dollars per week for the care, support, etc., of the children. Neither the interlocutory order nor final decree of divorce contains any provision which would relieve respondent from making such payments during the time he had the children in his custody.

From what we have stated, it follows that the final decree of divorce has been in full force and effect at all times since appellant again took up her residence in this state on July 25, 1946, except as modified by the order of Judge Long entered on November 7, 1946, which order modified the final decree only as regarded the time when respondent could have the custody of the children.

We are therefore of the opinion that, under the specific provisions of the final decree, respondent was required to pay to appellant the sum of twenty-five dollars per week during the period here under consideration, regardless of the fact that he had the children in his custody.

Respondent made no claim that he was unable to make such payments.

■ We appreciate that it might be argued that it is not equitable to require respondent to pay support money to appellant for the time the children were in his custody, and that, this proceeding being one of an equitable nature, the court was justified in allowing to respondent a credit of one hundred twenty-five dollars against the amount he was required to pay. However, we are of the opinion that even a court of equity, in an effort to do equity, cannot disregard the provisions of a lawful decree, nor is such a court justified in offsetting against payments required to be made under such a decree voluntary payments made for medical attention and clothing furnished children, as was done in this case. If, under such a decree as we have here before us, the father could refuse to make the payments required of him and, in an attempt to justify such refusal, show that he had expended certain sums of money on his children while they were with him, it is evident there would be continuous trouble and turmoil. If a party to such a decree is not satisfied with its provisions relative to the custody of the children, or payments required to be made for their support, such party may always come into court and ask for a modification of the decree.

We are of the opinion that the trial court erred in allowing respondent a credit of one hundred twenty-five dollars

in this case, and in concluding that, because of such credit, respondent should not be required to pay the support-money payments for the period in question.

■ This case, in our opinion, like the case of *Feek v. Feek, supra,* is not one brought primarily for the purpose of having respondent punished, but is one to enforce payment of the sums due under the final decree of divorce, as modified by the order of Judge Long dated November 7, 1946.

In a proceeding such as the one before us, we are of the opinion that the court is not limited to a determination of the mere question of contempt, but is authorized to consider and determine how and to what extent respondent should perform the duty enjoined upon him by the decree. See *Feek v. Feek, supra.*

■ Appellant contends the court abused its discretion in not allowing her attorney's fees. There is nothing in the statement of facts or in the record to indicate that the matter of attorney's fees was ever presented to the trial court, and, that being the situation, we shall not here consider the question.

We are of the opinion that the order entered on October 11, 1947, must be, and it is, reversed, and the proceeding is remanded, with instructions to enter an order to the effect that unless respondent pays to appellant, or into the registry of the court for appellant, the sum of twenty-five dollars per week for the time he had the children in his custody, to wit, from July 18 to August 25, 1947, within thirty days after the remittitur has been filed with the clerk of the superior court, he be adjudged in contempt because of his refusal to comply with the final decree of divorce, as modified by the order of November 7, 1946.

MALLERY, C. J. STEINERT, and SCHWELLENBACH, JJ., concur.

BEALS, J. (dissenting)—I dissent, being of the opinion that the order appealed from should be affirmed.