## Jake ROWE

v.

## GENERAL MOTORS CORPORATION.

### Civ. A. No. 10391.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 22, 1982.

Fletcher Farrington, Savannah, Ga., Amy Totenberg, Atlanta, Ga., for claimants-movants.

William A. Clineburg, Jr., Richard Snyder, Dan Heller, King & Spalding, Atlanta, Ga., for defendant.

### ORDER

ORINDA D. EVANS, District Judge.

A hearing was held on July 23, 1982 on Plaintiffs' motion for a finding that Defendant is in contempt of the September 28, 1972 decree entered in this case by Judge Henderson at the direction of the Court of Appeals for the Fifth Circuit. *See Rowe v. General Motors Corp.*, 457 F.2d 348 (5th Cir.1972). Plaintiffs allege Defendant has violated various portions of the decree. The only issue now before the Court for a ruling is whether Defendant is in contempt of the following part of the decree: [1]

> Defendant shall periodically post on bulletin boards in conspicuous places throughout its Lakewood plant notices which shall contain information with respect to the qualifications required for entry level non-supervisory salaried positions and how and where application can be made.

Defendant did post various notices on bulletin boards in conspicuous places throughout Defendant's Lakewood plant during the period from December 21, 1972 through the date of the contempt hearing (and presuma-

---

1. The Court notes Plaintiffs have filed an offer of proof on two other issues excluded by an Order entered June 24, 1982. Also, their claim relative to selection procedures for presupervisory training was withdrawn at the hearing.

bly thereafter) inclusive. *See* Stipulation of Facts filed July 21, 1982. These notices varied slightly from form to form but the following notice, the most comprehensive of the group, fairly reflects the substance of all insofar as the instant matter is concerned:

SUBJECT: Opportunity for Non-Supervisory Salary Positions

TO: All Employes

Occasionally openings occur in entry-level non-supervisory salaried classifications or in those positions which are considered to be promotional opportunities for salaried employes currently on the payroll. These openings are filled by the department concerned through the Office of the Salaried Personnel Administrator in the Personnel Department.

Any employee, salaried or hourly, who may be interested in such positions should make their interests known to the Personnel Department so that a review of the employe's qualifications for possible openings may be made.

Additionally, the Personnel Department periodically conducts the Careers In Management Program. This program, open to all hourly and salaried employes on their own time, uses specially prepared video tapes to help employes assess their interest in supervisory work. Further, the video presentations help those with an interest in supervision to prepare self-development action plans. Participation in the Careers In Management Program does not, however, guarantee that an employee will become a supervisor.

Any employe wishing to participate in this program should contact the Personnel Department for further details.

Stipulated Exhibit A–4, attached to Stipulation of Facts filed July 21, 1982.

The evidence at the contempt hearing showed that as of the date of entry of the *Rowe* decree on September 28, 1972, General Motors had 42 entry-level nonsupervisory salaried classifications at its Lakewood plant. Defendant's Exhibit 3, admitted at the July 23 hearing. Judging simply from the job titles, they appear to have been quite diverse in job content and in background and training required for the various positions. For example, some of the positions included were: secretary-stenographer; senior general accounting clerk; specification analyst; associate industrial engineer; interviewer. The evidence further showed that as of date of entry of the decree, General Motors did not have a written or otherwise articulated set of qualifications or skills required for these 42 job classifications. However, in 1976 General Motors did develop a written statement of qualifications for each entry-level nonsupervisory job. *See* Defendant's Exhibit 23, admitted at July 23 contempt hearing. Even after General Motors compiled the statements of job qualifications in 1976, its practice was not to generally make such written statements available to employees who inquired about promotions at the Personnel Office. Only in those cases where a vacancy actually existed was discussion had with an inquiring employee concerning the precise qualifications for a given opening. In this regard, General Motors points out that job qualifications are not completely standard within each job classification. They may vary somewhat depending upon the needs of the particular department or supervisor.

Defendant has never posted notices of specific job openings. It correctly contends the *Rowe* decree does not require posting of vacancies.

Rounding out a statement of the facts deemed important in considering the instant motion, it is noted that at no time during the period from September 28, 1972 through June, 1982, did Plaintiffs or any attorney or representative acting on their behalf ever complain, either to the Court or otherwise, about any noncompliance on Defendant's part with the September 28, 1972 *Rowe* decree. No such complaint was brought to Judge Edenfield's attention in *Johnson v. General Motors* wherein Plaintiff was represented by the same counsel as in the instant case. Additionally, when Plaintiffs filed their Motion for Further Relief in the instant case on January 16,

1981, no specific mention was made of Defendant's noncompliance, nor was there a request for a contempt adjudication. A statement of Plaintiffs filed April 10, 1981 in response to the Court's Order granting Defendant's Motion for More Definite Statement as to the Motion for Further Relief similarly made no mention of Defendant's noncompliance with the notice requirements of the 1972 decree, although it did mention generally (as did the original Motion for Further Relief) that Defendant had "continued to discriminate" against salaried employees.

On April 30, 1982, an Order was entered directing Claimants to clarify their position regarding whether they were contending Defendant was in contempt of the 1972 decree. *See* Order of April 30, 1982, 550 F.Supp. 204, at 212, ¶ 10.

On June 14, 1982, Claimants filed their response to the April 30 directive. That filing clearly designated Defendant's alleged failure to post the notices required by the *Rowe* decree pertaining to qualifications for entry-level nonsupervisory salaried positions as calling for an adjudication of contempt. From the foregoing sequence of events, it is inferred that during the period from September 28, 1972 through the spring of 1982, either (1) no one followed up to see if Defendant's posted notices met the requirements of the decree, or (2) if they did, the lack of compliance was not a matter of concern.

The Court now turns to the central question of whether the posted notices do comply with the requirements of the *Rowe* decree. Without a doubt they do not. Not a single one of the notices posted by Defendant contains "information with respect to the *qualifications required*" for the relevant positions. (emphasis added). Instead, the notices simply direct the employees to inquire at the Personnel Office. The striking variance between the literal requirements of the decree and Defendant's response simply leave the Court with the im-

pression that Defendant did not take the 1972 decree seriously.

Having found that the Defendant's notices do not comply with the requirements of the decree, the question now becomes what action the Court should take. The first response is obvious. The Defendant is ORDERED to comply immediately with the decree. It shall, in no more than fifteen (15) days from date of entry of this Order, post on bulletin boards in conspicuous places throughout its Lakewood plant, notices which shall contain information with respect to the qualifications required for entry-level nonsupervisory salaried positions and how and where applications can be made. The type of information contained in Defendant's Exhibit 23 is deemed sufficient by the Court for this purpose. Counsel for Defendant are DIRECTED to file a written statement with the Court at the end of the 15-day period, stating precisely what Defendant has done to comply with the Court's Order.

More problematic is the question of what further action, if any, should be taken by the Court. A litigant's acquiescence in noncompliance with a court order has been held to cause forfeiture of the right to seek a contempt citation. *Secor v. Singleton,* 35 F. 376 (C.C.Mo.1888); *Matheson v. Hanna-Schoellkopf Co.,* 122 F. 836 (C.C.Pa.1903). However, here there is a slight wrinkle. Notice to absent class members of the pendency of the *Rowe* case was not given. *See Johnson v. General Motors Corp.,* 598 F.2d 432 (5th Cir.1979). Therefore, few employees actually knew of the content of the decree.[2]

This is a civil contempt matter, and the purpose of civil contempt is to provide redress to a party who is harmed by defendant's noncompliance with the court order. After hearing the evidence at the contempt hearing, the Court is unable to draw any hard and fast conclusions as to the extent of harm actually suffered by Plaintiffs. Information pertaining to the qualifications

---

**2.** Two employees presently seeking relief from the Court, Willie and Clarence Williams, were named Plaintiffs in *Rowe* at the time the decree

was entered; therefore, they presumably did have actual notice of the decree.

for various promotional opportunities is presumptively valuable to employees. However, quantifying the precise extent to which lack of the required information harmed Plaintiffs is impossible, at least based on the present record. Any claim for monetary relief based on noncompliance with the original *Rowe* decree can most appropriately be evaluated in the context of the monetary claims now being asserted in *Rowe,* and also in its companion case, *Geer v. General Motors,* pending before the undersigned. Therefore, the Court at this time DEFERS determination of whether Defendant's noncompliance with the 1972 decree calls for a compensatory fine to be awarded and if so, the appropriate amount.

In summary, a ruling on Plaintiffs' request that Defendant be found in contempt of the 1972 *Rowe* decree is hereby DEFERRED. Defendant is hereby ORDERED to comply with the decree as aforesaid.

Plaintiffs' counsel are hereby awarded their reasonable attorneys' fees for prosecuting this matter. They shall file an itemization of their request for attorneys' fees within fifteen (15) days of date of entry of this Order. If Defendant wishes to oppose the amount requested, it may do so within thirty (30) days of date of entry of this Order.

It is noted that the *Rowe* decree has now been in effect for ten years. At the appropriate time, the Court would like to consider whether it should be terminated, continued for a set period of time, or modified to reflect changed circumstances. The views of counsel are solicited as to how and when this determination may best be made.