Jake ROWE

v.

**GENERAL MOTORS CORPORATION.**

**Civ. A. No. 10391.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 23, 1982.

See also, D.C., 550 F.Supp. 204.

Fletcher Farrington, Savannah, Ga., Amy Totenberg, Atlanta, Ga., for claimants-movants.

William A. Clineburg, Jr., Richard Snyder, Dan Heller, King & Spalding, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This case is presently before the Court on an Amended Motion for Leave to File Separate Complaint, filed July 19, 1982. Defendant opposes the motion. It contends the Complaint, if filed, would be barred on grounds of res judicata, lack of timeliness and failure to state a claim. For the reasons explained below, the Court finds the defense of res judicata does not bar the Complaint. Neither does the Complaint fail to state a claim. However, because of the generality of the proposed Complaint, no definitive ruling can be made on the lack of timeliness claim. Therefore, Plaintiffs should be permitted to file and pursue their Amended Proposed Separate Complaint.

## BACKGROUND OF THIS MOTION

The instant matter opens a new chapter in the long history of *Rowe v. General Motors Corp.,* first filed in this Court on August 25, 1966. In *Rowe,* a class of black hourly paid employees challenged employment practices which were held to have discriminatorily impeded their progress into the ranks of the salaried work force. *Rowe v. General Motors Corp.,* 457 F.2d 348 (5th Cir.1972). The final decree in *Rowe* was entered on September 28, 1972, granting certain injunctive relief.

On July 19, 1976, Herman Johnson, a GM Lakewood employee, filed another Title VII class action against General Motors in this Court. *Johnson v. General Motors,* Civil Action No. C76–1204, 598 F.2d 432 (5th Cir.1979). It alleged that Defendant "has engaged and is engaging" in a broad range of discriminatory practices affecting training and promotions. Thus, on its face, the Complaint arguably covered a period of time both before and after entry of the September 28, 1972 *Rowe* decree. The class Johnson sought to represent was "all past, present and potential black employees and applicants for employment" at the Lakewood facility. As is more fully discussed below, the District Court ultimately dismissed the *Johnson* suit on December 16, 1980. Judgment was entered January 26, 1981. The Order of Dismissal contained a suggestion that Johnson's back pay claim be prosecuted under the Court's continuing jurisdiction to enforce the September 28, 1972 *Rowe* decree. A postjudgment Order entered February 23, 1981, suggested that putative class members might also seek relief in *Rowe.*

On January 16, 1981, Plaintiffs filed a Motion for Further Relief in the instant action, *Rowe.* The motion recited that the moving parties were members of the *Rowe* class because they had all been hired at GM Lakewood before September 28, 1972. It alleged that Defendant "continues to discriminate against black employees in all aspects relating to salaried jobs at its Lakewood Assembly Plant." It prayed for an

award of back pay, plus modification of the decree so as to enjoin Defendant from "further discriminating with respect to salaried jobs."

On April 30, 1982, an Order was entered herein which in part held that Plaintiffs could not seek relief for alleged acts of discrimination occurring after September 28, 1972 through the vehicle of a motion to modify said 1972 decree, 550 F.Supp. 204. The Order directed Plaintiffs to file a proposed separate complaint (or individual proposed separate complaints) covering alleged post-decree acts of discrimination. That has now been done and as stated above, the case is before the Court on Plaintiffs' Amended Motion for Leave to File Separate Complaint, to which the Amended Proposed Separate Complaint is appended.

### RES JUDICATA

■ Defendant argues Herman Johnson's individual claim set forth in the Amended Proposed Separate Complaint should not be allowed filed because it is clearly barred by res judicata. This is alleged to be a product of dismissal of Johnson's Complaint in *Johnson v. General Motors* by Judge Edenfield on December 16, 1980, and Johnson's subsequent failure to appeal Judge Edenfield's order of dismissal.

On December 16, 1980, Herman Johnson's Motion to Certify a Class was before the Court. The order entered that date simultaneously denied the motion to certify and, on the Court's own motion, dismissed the action. The order first noted that the Court of Appeals had held that res judicata did not bar Johnson's claim for monetary damages arising from the practices disapproved in *Rowe;* nor did the original *Rowe* decree bar any claim for injunctive or declaratory relief that could not have been sought in *Rowe. See Johnson v. General Motors,* 598 F.2d 432, 438 (5th Cir.1979). In its discussion thereafter, it indicated Johnson's claim was in substance the same as that involved in the original *Rowe* case.

Hence, the Court concluded he should seek his relief under the District Court's continuing jurisdiction in *Rowe.*

The District Court's Order concluded as follows:

Thus, the sole remaining issue is whether relief under *Rowe* is more appropriately afforded Johnson in his individual capacity or as the representative of some or all of the *Rowe* class. The court need not rule on that question, however, until Johnson seeks relief under *Rowe* and moves to represent a class thereunder, if he so chooses.

By this ruling the court does not intend to intimate any opinion as to the validity of the putative class members' individual claims, nor as to the propriety of another class action with other employees representing the class. Consideration of those questions must also be reserved until they are properly before the court.

Accordingly, Johnson's motion to certify a class is DENIED. This action is DISMISSED WITHOUT PREJUDICE to Johnson's right to bring his back pay claim pursuant to the court's continuing jurisdiction to enforce the *Rowe* decree. Johnson's motion to compel is DENIED as moot.

Res judicata is a legal principle which prohibits relitigation of matters finally determined between parties. The question here is whether Judge Edenfield "finally determined" that Herman Johnson's claims for relief from alleged post-September 28, 1972 discrimination are barred by the res judicata effect of the *Rowe* decree. Certainly, the December 16, 1980 Order reflects Judge Edenfield's determination that Johnson's claim was part and parcel of the matter adjudicated in *Rowe.* On the other hand, the Order specifically concludes with a determination that the action is "DISMISSED WITHOUT PREJUDICE" to Johnson's right to bring his back pay claim pursuant to the Court's continuing jurisdiction to enforce the *Rowe* decree.[1] In order

---

1. Defendant cites *Blair v. City of Greenville,* 649 F.2d 365 (5th Cir.1981) in support of its argument that Plaintiffs present attempt to pro-

ceed with post-September 28, 1972 claims is barred by their failure to appeal Judge Edenfield's December 16, 1980 order. While it is

to determine what part of Johnson's claim escapes the net of res judicata, it is thus necessary to consider what sort of proceeding the Court intended would subsequently be had in *Rowe*. A comment of the District Court contained in a later-entered Order in *Johnson* (Order of February 24, 1981 denying a motion by intervenors/applicants to intervene) provides insight into this matter. In that Order, Judge Edenfield noted that putative members of the class Johnson had unsuccessfully sought to represent, and who were employed by General Motors after the *Rowe* decree was entered could seek relief under the Court's continuing jurisdiction in *Rowe*, "since they may fall within its coverage of all present *and future* Negro hourly employees." (emphasis in original). Order of February 24, 1981, p. 2. This clearly reflects an intention to leave open for future adjudication in *Rowe* not only pre-decree back pay claims, but also post-decree claims. Given this fact, the Court is unwilling to conclude that the intent of the December 16 Order was to preclude Johnson's assertion of any claim he might have for post-September 28, 1972 back pay.

General Motors also claims that all pre-December 16, 1980 claims of other Plaintiffs are barred by the *Johnson* judgment. However, as noted above, the Court does not find in the December 16 order of dismissal any holding that all post-September 28, 1972 claims of discrimination in promotions at Lakewood are barred by the res judicata effect of the September 28, 1972 *Rowe* decree. As a matter of fact, in Judge Edenfield's subsequent order of February 23, 1981, he noted the possibility of a new action being instituted.

### TIMELINESS

Defendant also argues that allowing the Amended Proposed Separate Complaint to be filed would be futile because it would then have to be dismissed for lack of timely filing. The Amended Proposed Separate Complaint seeks to assert individual causes of action on behalf of 25 employees at Lakewood who apparently are hourly paid employees. Only would-be Plaintiffs Herman Johnson, Harry Gibbs, and Willie Williams have filed complaints with the EEOC and have received right to sue letters. Herman Johnson's right to sue letter was received on or about July 16, 1976; Harry Gibbs' right to sue letter was received on or about January 31, 1980; and Willie Williams' right to sue letter was received on or about March 26, 1980.

Defendant argues that the Amended Proposed Separate Complaint is not timely filed under the provision of Title VII requiring that actions be instituted within 90 days of the Plaintiffs' receipt of a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1). Additionally, it asserts that those Plaintiffs who did not filed EEOC complaints within 180 days of the act of discrimination complained of are not before the Court in a timely or proper fashion. *See* 42 U.S.C. § 2000e–5(e). Unless Plaintiffs are entitled to rely on tolling or estoppel to save their claims, and unless those Plaintiffs who have not filed complaints are excused from the necessity of having to do so, Defendant is correct and allowing the Amended Proposed Separate Complaint to be filed would be futile.

Plaintiffs reply with a number of arguments. One of these is that under the "single filing" rule set forth in *Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992 (11th Cir.1982), it was not necessary for all of them to file complaints with the EEOC or receive right to sue letters as a prerequisite for bringing the instant action. They claim at least one of the Plaintiffs, Herman Johnson, filed a timely complaint with the EEOC; received a right to sue letter and instituted a Title VII action,

true that the issue and facts of *Blair* bear striking resemblance to the instant case, there is a key difference. In the instant case, the District Court did not dismiss the action while only leaving Johnson the right to pursue enforcement proceedings. On the contrary, the Court

expressly singled out Johnson's back pay claim as being something which could be pursued under the aegis of the *Rowe* decree. Pursuit of a back pay claim is different from pursuit of typical enforcement proceedings.

*Johnson v. General Motors,* within 90 days of receipt of the right to sue letter. Plaintiffs then claim the statute of limitations was tolled during the pendency of the *Johnson* action and then tolled again in timely fashion by the assertion of Johnson's claim in the instant proceedings. Plaintiffs argue that since Johnson's claim is before the Court in a timely and proper fashion, and all other Plaintiffs are entitled to rely on Johnson's filings under the "single filing" rule, all claims presently sought to be asserted in the Amended Proposed Separate Complaint are before the Court in timely and proper fashion.

The question before the Court at this point is not whether Plaintiffs are clearly correct. Only if Plaintiffs are clearly incorrect in their assertion would it be proper to refuse them the opportunity to pursue their claims. At this juncture, it is not possible to determine whether the claims of all Plaintiffs are identical, per *Jackson, supra.*

It is not clear whether Herman Johnson's original EEOC complaint was filed within 180 days of the act(s) of discrimination complained of. That determination can only be made after the Court knows exactly what Johnson's claim consists of. It is clear that he filed *Johnson v. General Motors* within 90 days of his receipt of a right to sue letter, and that such filing tolled the statute of limitations as to the claims set forth in the EEOC complaint and the Court-filed Complaint until the suit was dismissed in December, 1980.

The only determination which need be made by the Court now in ascertaining whether Herman Johnson's Amended Proposed Separate Complaint would be timely filed is to fix the date the Court will consider the Complaint to be filed, if it is allowed filed. The appropriate date is January 16, 1981, when the Motion for Further Relief was filed in this case. In that motion, Plaintiffs made clear their desire to receive significant relief for alleged acts of discrimination occurring after September 28, 1972. Although the Court has now decided that these claims should not properly be considered as mere attempts to modify the September 28, 1972 decree, the broad substance of the claims was made known to the Defendant in the initial filing on January 16, 1981.

Thus, it appears likely that Herman Johnson's claim is before the Court in a timely and proper fashion. Further, it is possible that the claims of the other Plaintiffs are before in proper and timely fashion. Therefore, the Court declines to deny Plaintiffs the right to pursue their Amended Proposed Separate Complaint for lack of timely filing.

### FAILURE TO STATE A CLAIM

Finally Defendant argues the Amended Proposed Separate Complaint should not be allowed filed because it does not state a claim for which relief can be granted. Defendant urges the said Complaint states a claim under neither the disparate treatment nor the disparate impact model. *See Pouncey v. Prudential Insurance Co. of America,* 668 F.2d 795 (5th Cir.1982).

The Complaint alleges, inter alia, that Defendant "discriminates against plaintiffs by leaving all decisions with respect to movement of employees from hourly jobs to salaried jobs to the uncontrolled, arbitrary discretion of an all white cadre of supervisors and managers. This method . . . results in lower pay and fewer opportunities for black employees than for similarly situated white employees." Amended Proposed Separate Complaint, ¶ 9, attached to Amended Motion for Leave to File Separate Complaint, filed July 19, 1982. Plaintiffs further allege that Defendant operates under a general policy of discrimination which manifests itself through entirely subjective decision-making processes regarding the movement of black· employees from hourly jobs to salaried jobs." Complaint, ¶ 10. The Complaint further alleges "each plaintiff has suffered injury by the acts of discrimination alleged herein." Complaint ¶ 6.

The Court is in agreement with Defendant's proposition that the Complaint does not clearly set forth a claim under the disparate impact model. Disparate impact

theory is properly utilized only where plaintiff complains of a discrete employment practice or procedure whose effect on the protected class may be objectively determined. *See Pouncey, supra.* *See also Nation v. Winn-Dixie,* 95 F.R.D. 82 (N.D.Ga. 1982) (Evans, J.). However, because the possibility exists that Plaintiffs' general complaint of discrimination may include complaints as to discrete employment practices, it would be improper to deny Plaintiffs the right to proceed.

In summary, Plaintiffs' Amended Motion for Leave to File Separate Complaint is hereby GRANTED. Plaintiffs shall, within fifteen (15) days of date 'of entry of this Order, file their Amended Proposed Separate Complaint as a separate action in this Court. The Complaint when filed shall include as exhibits the Exhibits attached to the Motion for Leave to File Separate Complaint filed June 11, 1982, a copy of this Order, and a copy of this Court's Order of April 30, 1982. Due to the fact that the newly filed Complaint is inextricably related to the matters now pending before the Court in the instant action, and *Geer v. General Motors,* the Clerk is hereby DIRECTED to assign the newly filed complaint in *Johnson, et al. v. General Motors,* to the undersigned district judge.