**Jake ROWE**

v.

**GENERAL MOTORS CORPORATION.**

**Civ. No. 10391.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 4, 1984.

· Fletcher Farrington, Savannah, Ga., Amy Totenberg, Atlanta, Ga., for plaintiff.

William A. Clineburg, Jr., Richard Snyder, Dan Heller, King & Spalding, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the court on the issue whether backpay is generally available to class members who first sought monetary relief in 1981,[1] over eight years after the court entered a consent injunctive decree in favor of the Plaintiff class. The court considers this issue in conjunction with the question whether General Motors should be held in contempt for failure to comply with the injunctive decree.

By order of April 30, 1982, the court held that the Plaintiffs' backpay claims are not barred by the applicable statute of limitations, by laches, or by failure to meet *Title VII*'s timely filing requirements. *Rowe v. General Motors Corporation,* 550 F.Supp. 204, 211 (N.D.Ga.1982). The court noted that backpay, if available, would cease to accrue on September 28, 1972, the date of the consent injunctive decree.[2] *Id.* On September 22, 1982, the court ruled that General Motors had not complied with that portion of the 1972 decree ordering General Motors to post qualification notices for entry into non-supervisory salaried positions. *Rowe v. General Motors Corporation,* 550 F.Supp. 214, 216 (N.D.Ga.1982). The court deferred a ruling on the issues whether General Motors should be found in contempt for this noncompliance and, if General Motors were found in contempt, whether a compensatory fine should be assessed against it. *Id.* at 217. The court delayed consideration of these issues in order to evaluate them in the context of the backpay claims asserted here and, by a separate class, in a companion case, *Geer v. General Motors Corporation,* 586 F.Supp. 368 (1984). *Id.* The court solicited the views of counsel on whether the 1972 decree should be terminated, continued, or modified to reflect changed circumstances. *Id.*

The confluence of several factors makes this case unusual. When this action was brought, the named Plaintiffs did not request backpay for absent class members, and indeed never sought certification under Rule 23, Fed.R.Civ.P. However, the case was treated as a class action. *See Rowe v. General Motors Corp.,* 457 F.2d 348 (5th Cir.1972). No notice of this suit was sent to class members. The named Plaintiffs received monetary relief as part of a settlement in 1972 with General Motors, but

1. Plaintiffs filed a Motion for Further Relief in 1981. The case was administratively reopened at that time.

2. The court also rejected Plaintiffs' argument that the September 28, 1972 decree should be amended to add backpay for acts of discrimination which occurred after September 28, 1972. 550 F.Supp. at 212. Plaintiffs' counsel were directed to file a proposed separate complaint with respect to any such claims. *Id.* at 212–13. Such complaint was filed and is now pending before the undersigned district judge as *Johnson v. General Motors Corp.,* Civil Action No. 82–2270. *See Rowe v. General Motors Corp.,* 550 F.Supp. 217 (N.D.Ga.1982) (granting motion for leave to file separate complaint).

absent class members obtained no monetary relief. In 1972, backpay was not considered an available remedy in (b)(2) class actions. Not until two years later did this circuit establish that backpay awards to absent class members in a (b)(2) class action were permissible. *Pettway v. American Cast Iron Pipe Company,* 494 F.2d 211, 256–58 (5th Cir.1974), *later appeal,* 576 F.2d 1157 (5th Cir.1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979), *later appeal,* 681 F.2d 1259 (11th Cir.1982), *consideration of cert. petition deferred,* — U.S. ——, 104 S.Ct. 59, 78 L.Ed.2d 76 (1983). This explains why the named Plaintiffs did not seek backpay generally for the class, and why the court, in fashioning the 1972 decree, did not consider *sua sponte* whether backpay was generally available to the class. The absent class members, who never received notice of this action, could not be expected to alert the court to changes in the law that redounded to their benefit. Thus, their failure to immediately seek backpay after *Pettway,* in the form of a modification of the 1972 decree, is understandable.

The Plaintiffs argue that the court should exercise its discretion in favor of awarding backpay. They observe that there are no more black salaried employees now than before the injunction was entered, and they attribute this to General Motors' continued use of the same discriminatory promotion methods. The Plaintiffs insist that the injunction has not provided a sufficient incentive for reform, and that backpay awards are necessary to prod General Motors to remove racial barriers to promotion. Furthermore, they allege that because they have not attained their rightful place in the employment hierarchy, they have not been made whole by the 1972 decree for the discrimination they suffered before the decree issued. They contend that their white peers of the 1960's have advanced higher in the salaried ranks than they have, and that consequently they have been more vulnerable to salaried personnel layoffs in the 1970's and have been ineligible for promotions to the same levels as their white counterparts. The Plaintiffs insist that only backpay awards will make them whole. Particularly because no innocent third parties would be burdened if they were given monetary relief, they see no equitable reason for denying backpay.

The court is persuaded, though, that backpay should not now be made generally available to the Plaintiffs through amendment to the 1972 decree. As General Motors observes, when the injunctive decree was entered, the failure to award backpay to absent class members was not error. The availability of backpay to absent class members was not established until two years later. The length of time since the decree was entered and the fact that the Plaintiffs' current request for backpay stems from post-decree changes in the law militate against imposing backpay awards in 1984 for acts of discrimination which occurred before September 1972. Further, it would be inappropriate to consider claimed acts of discrimination occurring long after entry of the 1972 decree as a basis for amending the decree to add backpay. Such piecemeal adjudication flies in the face of settled *res judicata* principles. Finally, the adequacy of the injunctive decree was considered by the court of appeals, the district court, and the parties (the named Plaintiffs and their counsel) before the consent decree was entered in 1972. It would be improper for this court to now reconsider the facial adequacy of the 1972 decree.

As the Plaintiffs have shown, for ten years General Motors did not comply with the full terms of the decree. Further relief, if any, for the Plaintiffs should center on appropriate compensation for General Motors' failure to abide by the decree. In April 1982, the court postponed a determination of the appropriate redress for General Motors' non-compliance with the 1972 decree because the court could not ascertain the extent to which the Plaintiffs were harmed by General Motors' failure to post qualifications for promotional opportunities. *Rowe,* 550 F.Supp. at 216–17. *See United States v. United Mine Workers of America,* 330 U.S. 258, 303–14, 67 S.Ct.

677, 701–706, 91 L.Ed. 884 (1947) (injured party in civil contempt proceedings may be compensated for losses); 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2960 & nn. 60–62 (1973) (in civil contempt proceedings, a permissible remedy is a compensatory fine in the amount of damages sustained by injured party). The difficulty of proving the extent of harm is similar to the problem an individual class member would have in showing the precise extent to which General Motors' pre-decree promotional practices impeded his elevation to the salaried ranks. *See Pettway,* 494 F.2d at 260 (no way of determining particular job an individual class member would have bid on or obtained in absence of discrimination, but unrealistic exactitude is not required and uncertainties should be resolved against employer).

As the court has already noted, though, qualification notices are "presumptively valuable." *Rowe,* 550 F.Supp. at 217. In other words, the court presumes that some members of the class suffered harm from General Motors' failure to post this information, even though it is impossible to say who was harmed and how much. A classwide remedy may be appropriate here. *Compare Pettway,* 494 F.2d at 258–63 (under similar conditions, backpay awarded on classwide basis). A possible mechanism would be the assessment of a fine against General Motors for the period of its non-compliance. That period extends from the date of the court's injunctive decree, September 28, 1972, to the date on which the court ordered General Motors' compliance, September 22, 1982. Shares of such a fine could be distributed to each class member in proportion to the amount of time that he, while an hourly worker, was deprived of information on qualifications for promotion to entry-level salaried jobs.

For these reasons, on the subject of a civil contempt fine, General Motors is DIRECTED to submit any brief it may desire to file within twenty (20) days of entry of this Order. The Plaintiffs shall submit any response within thirty (30) days of entry of this Order. In the same briefs, the parties shall address the court's inquiry of April 30, 1982 concerning whether the 1972 injunctive decree should be modified or terminated. *See Rowe,* 550 F.Supp. at 217. The Clerk is DIRECTED to resubmit this case thirty (30) days after entry of this Order.

In summary, Plaintiffs' request for award of backpay for pre-1972 discrimination is DENIED; a ruling on Plaintiffs' request that General Motors be held in contempt is DEFERRED.